■ ANTHONY SULLIVAN, Appellant, v BROOKLYN-CALEDONIAN HOSPITAL, Respondent. [623 NYS2d 893] —In an action, *inter alia,* to recover damages for medical malpractice, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Clemente, J.), dated May 17, 1993, which (a) denied his motion for a default judgment and granted the defendant's cross motion to vacate its default and (b) denied his motion to compel discovery and inspection and granted the defendant's cross motion for a protective order vacating his notice of discovery and inspection, and (2) so much of an order of the same court, dated September 27, 1993, as (a) denied the branch of his motion which was, in effect, for reargument of his motion for a default judgment and (b) denied, without prejudice, the branch of his motion which was, in effect, for renewal of his motion to compel discovery and inspection and the defendant's cross motion for a protective order.

Ordered that the appeal from so much of the order dated May 17, 1993, as denied the plaintiff's motion to compel discovery and inspection and granted the defendant's cross motion for a protective order is dismissed, without costs or disbursements, since that provision of the order was superseded by the order dated September 27, 1993, made upon renewal; and it is further,

Ordered that the appeal from so much of the order dated September 27, 1993, as denied the branch of the plaintiff's motion which was, in effect, for reargument of his motion for a default judgment is dismissed, without costs or disbursements, since no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated May 17, 1993, is affirmed insofar as reviewed, without costs or disbursements; and it is further,

Ordered that the order dated September 27, 1993, is reversed insofar as reviewed, on the law, without costs or disbursements, the branch of the plaintiff's motion which was, in effect, for renewal of his motion to compel discovery and inspection and the defendant's cross motion for a protective

order is granted, and, upon renewal, the order dated May 17, 1993, is modified by deleting the provisions thereof denying the branch of the plaintiff's motion which was to compel discovery and inspection of items 1 through 6, 8, 17, and 28 of the plaintiff's notice of discovery and inspection and granting the branch of the defendant's cross motion which was for a protective order against those items and substituting therefor provisions granting that branch of the plaintiff's motion and denying that branch of the defendant's cross motion; the defendant's time to comply with the foregoing discovery requests, to the extent it has not already done so, is extended until 20 days after service upon it of a copy of this decision and order with notice of entry.

It was not an improvident exercise of the Supreme Court's discretion to excuse the defendant's default in serving a verified, amended answer. The defendant established both a reasonable excuse for its delay and a meritorious defense *(see, Ionian Constr. v Stiftung,* 202 AD2d 553; *Robles v Grace Episcopal Church,* 192 AD2d 515).

It was, however, an improvident exercise of discretion to deny, to the extent indicated, the plaintiff's motion, in effect, for renewal of his motion to compel discovery and inspection when it became clear that the parties were unable to resolve their discovery disputes. Accordingly, the plaintiff is entitled to examine and copy the defendant's primary and excess liability insurance policies for the period during which the plaintiff was under the defendant's care *(see, Kimbell v Davis,* 81 AD2d 855; *see also, PCB Piezotronics v Change,* 179 AD2d 1089). The plaintiff is also entitled to obtain from the defendant a sworn statement disclosing the number of claims that were made against its insurance policies during the same period, the amount of each claim, and the amounts paid out against those policies *(see, Greenwald v Eiseman,* 120 AD2d 564; *Kimbell v Davis, supra,* at 855-856). Also, the information requested in item 28 is discoverable because it relates to the plaintiff's treatment, and the defendant does not dispute that items one through six are proper discovery requests.

The plaintiff's remaining discovery requests are either privileged or "so overbroad and irrelevant to the action as to be palpably improper" *(Shapiro v Central Gen. Hosp.,* 171 AD2d 786, 787).

The plaintiff's remaining contention is without merit. Bracken, J. P., Pizzuto, Altman and Krausman, JJ., concur.