■ IBERICO GONCALVES, Plaintiff, v 515 PARK AVENUE CONDOMINIUM et al., Defendants. (And a Third-Party Action.) HIRD BLAKER, INC., Second Third-Party Plaintiff-Appellant, v WOODWORKS CONSTRUCTION COMPANY, INC., Second Third-Party Defendant-Respondent. [833 NYS2d 453]—

Order, Supreme Court, New York County (Alice Schlesinger, J.), entered September 29, 2005, which, in an action for personal injuries sustained by a worker at a construction site, insofar as appealed from as limited by stipulation, granted second third-party defendant Woodworks Construction Company, Inc.'s motion for summary judgment dismissing second third-party plaintiff Hird Blaker, Inc.'s claim for contractual indemnification, unanimously affirmed, with costs.

The unsigned contract, denominated a purchase order, between subcontractor Hird and sub-subcontractor Woodworks, plaintiff's employer, specifically requires Woodworks to "receive, distribute and install all work" in accordance with the terms of the attached "trade subcontract" between Hird and the general contractor. We hold that this language does not incorporate the provisions of the trade subcontract relating to indemnification. "[I]ncorporation clauses in a construction subcontract, incorporating prime contract clauses by reference into a subcontract, bind a subcontractor only as to prime contract provisions relating to the scope, quality, character and manner of the work to be performed by the subcontractor" (*see Bussanich v 310 E. 55th St. Tenants*, 282 AD2d 243, 244 [2001]). Nor is such

incorporation accomplished by the portion of the "scope of work" clause of the trade subcontract requiring second-tier subcontractors like Woodworks to "maintain insurance equal to that required by this [sub]contract and be bound by the same terms and conditions as those of th[is] subcontract." Consistent with this reference in the trade subcontract to second-tier contractors, and separate from the above reference in the purchase order to the trade subcontract's requirements relating to the receipt, distribution and installation of work, the purchase order obligates Woodworks "to comply with . . . insurance coverage required by [the general contractor]," but, as there is no mention of indemnification and no reference to the trade subcontract, we hold that such obligation to obtain insurance does not entail an obligation to indemnify. While the purchase order is ambiguous in not setting forth the general contractor's "insurance coverage require[ments]," any such requirements clearly cannot be construed so broadly as to require Woodworks to provide indemnification other than in the insurance context, i.e., obtaining insurance naming the owner and other contractors as additional insureds (*see generally Hooper Assoc. v AGS Computers*, 74 NY2d 487, 491-492 [1989] [promise to indemnify should not be found unless clear]). Hird appears to concede that Woodworks obtained the required insurance. We have considered Hird's other arguments and find them unavailing. Concur—Saxe, J.P., Friedman, Sweeny, McGuire and Malone, JJ.