■ PASCUALA VARGAS, Appellant, v CITY OF NEW YORK et al., Defendants, and UHAB HOUSING DEVELOPMENT FUND CORPORATION et al., Respondents. [873 NYS2d 295]—

Order, Supreme Court, New York County (Edward H. Lehner, J.), entered March 5, 2007, which, insofar as appealed from, granted the motions of defendants UHAB Housing Development Fund Corporation (UHAB), JF Contracting Corp. (JF) and Prisma Construction, Inc. for summary judgment dismissing plaintiff's Labor Law § 240 (1) cause of action, and denied plaintiff's cross motion for summary judgment on the issue of liability on the Labor Law § 240 (1) claim, unanimously modified, on the law, defendants' motions denied, and otherwise affirmed, without costs, and the matter remanded for further proceedings.

Plaintiff claims that, while performing debris removal work on a building's basement level, she was injured when she was struck by a nine-inch-long pipe that fell several floors from above, where other workers were performing demolition work, including the cutting and removal of pipes. The evidence suggests that insufficient safety devices were provided. It is well established that falling-object liability is not limited to cases in which the object is being hoisted or secured at the precise time that it falls (*see Quattrocchi v F.J. Sciame Constr. Corp.*, 11 NY3d 757, 758-759 [2008]; *Boyle v 42nd St. Dev. Project, Inc.*, 38 AD3d 404, 406-407 [2007]). In other circumstances, we would direct that summary judgment be directed to the plaintiff. In this case, however, purportedly because she feared losing her job, plaintiff did not seek medical attention until a week after the accident, after her employment had been terminated. Since there is no other competent evidence supporting her version of the purported incident, a credibility question as to even whether the accident occurred is presented, and requires resolution at trial.

We have not considered the request by UHAB and JF for dismissal of plaintiff's Labor Law § 241 (6) claim, since they did not file a notice of appeal from the motion court's denial of that part of their summary judgment motion (*see* CPLR 5515). Concur—Andrias, J.P., Nardelli, Catterson, Acosta and De-Grasse, JJ.