■ SHOW LAIN CHENG, Also Known as SHOW LAIN CHUU, Appellant, v ALAN H. YOUNG et al., Respondents. [878 NYS2d 367]—

In an action for contribution, the plaintiff appeals, as limited by her notice of appeal and brief, from so much of an order of the Supreme Court, Kings County (Kramer, J.), dated February 20, 2008, as denied those branches of her motion which were pursuant to CPLR 3025 (b) for leave to amend the complaint to add causes of action sounding in breach of fiduciary duty, aiding and abetting a breach of fiduciary duty, and fraud, and pursuant to CPLR 3124 to compel the defendants to comply with her discovery demands.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, her ex-husband Ko-Cheng Cheng, and the defendants, Alan H. Young and Nicholas Guzzone, were each 25% shareholders in a corporation that owned a parcel of land encumbered by a mortgage. In 1986, Ko-Cheng Cheng, Young, and Guzzone executed a guaranty agreement in favor of the mortgagee in which they each guaranteed payment of the amounts due under the note and mortgage in the event of a default by the corporation. After the corporation defaulted on the mortgage, the mortgagee obtained a deficiency judgment in the amount of $2,678,612.72 against Ko-Cheng Cheng, Young, and Guzzone. In 1996, Young and Guzzone obtained a release from the mortgagee for themselves from all liability for the judgment in exchange for $75,000. In 1998, an assignee of the judgment commenced an action against the plaintiff, seeking to set aside an alleged fraudulent conveyance of four properties that Ko-Cheng Cheng allegedly made to the plaintiff without fair consideration while the foreclosure action was pending in order to shield the properties from the judgment against him. In 2002, during the trial of the fraudulent conveyance action, the plaintiff entered into a settlement agreement in which she agreed to pay the assignee of the judgment the principal amount of $1,352,500.

The plaintiff then commenced this action against Young and Guzzone for contribution. In a 2003 order, the Supreme Court determined that the plaintiff had standing to seek contribution from the defendants pursuant to the doctrine of equitable subrogation (*see King v Pelkofski,* 20 NY2d 326, 333-334 [1967]; *Gerseta Corp. v Equitable Trust Co. of N.Y.,* 241 NY 418, 425-426 [1926]), and was entitled to recover from the defendants the amount that the plaintiff had paid the assignee of the judgment in excess of Ko-Cheng Cheng's proportionate share of the judgment (*see Hard v Mingle,* 206 NY 179, 186 [1912]). The Supreme Court determined, however, that there were issues of fact as to the amount of contribution owed by the defendants to the plaintiff that precluded summary judgment.

In 2007, the plaintiff moved, inter alia, for leave to amend her complaint to add causes of action sounding in breach of fiduciary duty, aiding and abetting a breach of fiduciary duty, and fraud, and to compel compliance with her discovery demands. The plaintiff alleged that because Young had acted as the plaintiff's attorney on several matters between 1985 and 2000, he had a duty to inform her of his and Guzzone's settlement of the judgment with the mortgagee and to ensure that she had an opportunity to enter into a similar settlement with the mortgagee on terms that were just as favorable. The Supreme

Court denied the motion. We affirm the order insofar as appealed from.

Since the plaintiff was not a party to the guaranty agreement and had no liability under the judgment, there would be no reason for Young to inform the plaintiff of his settlement agreement with the mortgagee. Thus, the Supreme Court correctly determined that the proposed amendment was "palpably insufficient as a matter of law" and "devoid of merit" (*see Tornheim v Blue & White Food Prods. Corp.*, 56 AD3d 761 [2008]; *Scofield v DeGroodt*, 54 AD3d 1017, 1018 [2008]; *Frank v Eaton*, 54 AD3d 805, 805-806 [2008]). Because the plaintiff's discovery demands are largely irrelevant to the sole remaining issue in this action, the amount of contribution owed to the plaintiff, the Supreme Court properly denied the branch of the plaintiff's motion which was to compel the defendants to comply with her discovery demands (*see generally Butt v New York Med. Coll.*, 7 AD3d 744, 745-746 [2004]; *cf. Sullivan v Brooklyn-Caledonian Hosp.*, 213 AD2d 474, 475 [1995]).

As the defendants did not file a notice of appeal from the order, their contention that the Supreme Court should have granted the branch of their cross motion which was to compel the plaintiff to accept an offer of compromise is not properly before this Court (*see* CPLR 5515; *Hecht v City of New York*, 60 NY2d 57, 61 [1983]). Rivera, J.P., Covello, Leventhal and Chambers, JJ., concur.