■ CARA SENTINO, Respondent, v FRANCIS A. VALERIO, Defendant, and CRISTOBAL F. ESPINAL et al., Appellants. [902 NYS2d 106]—

In an action to recover damages for personal injuries, the defendants Cristobal F. Espinal and Aracenas Trans, Inc., appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Martin, J.), dated June 9, 2009, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them on the grounds that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) and that they were not at fault in the happening of the accident.

Ordered that the order is affirmed insofar as appealed from, with costs.

This action arises from a three-car accident which occurred on the morning of January 1, 2005, on Pennsylvania Avenue in Brooklyn. At that time, a motor vehicle operated by the defendant Francis A. Valerio collided with vehicle owned by the defendant Aracenas Trans, Inc., and operated by the defendant Cristobal F. Espinal (hereinafter together the appellants), thereby propelling the latter vehicle into traffic moving in the opposite direction, where it was struck by a motor vehicle in which the plaintiff was riding. The appellants moved for summary judgment dismissing the complaint insofar as asserted against them on the grounds that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) and that they were not at fault in the happening of the accident. However, the evidence submitted by the appellants in support of their motion failed to demonstrate the absence of triable issues of fact with regard to either claimed basis for summary judgment relief (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Espinal testified at his deposition that, prior to the occurrence, he was traveling in the left lane of the northbound roadway of Pennsylvania Avenue, when Valerio's motor vehicle

pulled out of a bus stop, crossed the right lane of the northbound roadway, and entered the left lane of the northbound roadway, a distance of about two car-lengths in front of Espinal's vehicle. This testimony raised a triable issue of fact (*see* CPLR 3212 [b]) as to whether Espinal's subsequent failure to avoid a collision with Valerio's vehicle proximately resulted from negligence on his part in driving at an excessive rate of speed in violation of Vehicle and Traffic Law § 1180 and in failing to pay attention to road conditions. Moreover, the affirmed medical report prepared by neurologist Edward M. Weiland, which the appellants submitted in support of their motion, failed to specify the degree or range of motion which the plaintiff was able to achieve with her right hand, and to compare such findings to what is normal (*see Page v Belmonte*, 45 AD3d 825 [2007]). Accordingly, the Supreme Court properly denied the appellants' motion.

Valerio's contentions are not properly before this Court since he did not file a notice of appeal from the order (*see* CPLR 5515; *Show Lain Cheng v Young*, 60 AD3d 989, 991 [2009]). Skelos, J.P., Austin, Roman and Sgroi, JJ., concur.