■ JENNIFER HEARN, Respondent, v JONATHAN A. MANZOLILLO et al., Defendants, and MAURICIO A. ALVARADO et al., Appellants. [959 NYS2d 531]—

In an action to recover damages for personal injuries, the defendants Mauricio A. Alvarado and Salem Truck Leasing, Inc., appeal (1) from an order of the Supreme Court, Suffolk County (Gazzillo, J.), dated December 30, 2010, which denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and (2), as limited by their brief, from so much of an order of the same court dated January 23, 2012, as, upon renewal, adhered to the original determination.

Ordered that the appeal from the order dated January 23, 2012, is dismissed as academic in light of our determination on

the appeal from the order dated December 30, 2010; and it is further,

Ordered that the order dated December 30, 2010, is reversed, on the law, the appellants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them is granted, and the order dated January 23, 2012, is vacated; and it is further,

Ordered that one bill of costs is awarded to the appellants.

The plaintiff was a passenger in a jeep owned by the defendant John Manzolillo, and operated by the defendant Jonathan A. Manzolillo (hereinafter the defendant driver), when it struck the rear of a tractor-trailer owned by the defendant Salem Truck Leasing, Inc., and operated by the defendant Maurice A. Alvarado (hereinafter together the appellants). The appellants moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them on the ground that they were not at fault in the happening of the subject accident.

" 'A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle' " (*Fajardo v City of New York*, 95 AD3d 820, 820-821 [2012], quoting *Ortiz v Hub Truck Rental Corp.*, 82 AD3d 725, 726 [2011]; *see Taing v Drewery*, 100 AD3d 740 [2012]), and a rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle (*see Ramos v TC Paratransit*, 96 AD3d 924, 925 [2012]; *Fajardo v City of New York*, 95 AD3d at 821). If the operator of the rear vehicle cannot come forward with evidence to rebut the inference of negligence, the operator of the lead vehicle is entitled to summary judgment on the issue of liability (*see Cortes v Whelan*, 83 AD3d 763 [2011]; *Staton v Ilic*, 69 AD3d 606 [2010]).

Here, the Supreme Court erred in denying the appellants' original motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. The appellants established their prima facie entitlement to judgment as a matter of law by proffering the deposition testimony of the plaintiff and the defendant driver, which established that the tractor-trailer was stopped or stopping when it was struck in the rear by the jeep driven by the defendant driver.

In opposition, the plaintiff relied on her own deposition testimony and that of the defendant driver that the appellant Alvarado stopped suddenly. "A claim of a sudden stop by the leading vehicle, standing alone, is insufficient to rebut the

presumption of negligence" (*Byrne v Calogero*, 96 AD3d 704, 705 [2012]; *see Kastritsios v Marcello*, 84 AD3d 1174, 1175 [2011]; *Franco v Breceus*, 70 AD3d 767 [2010]; *Mallen v Su*, 67 AD3d 974, 975 [2009]; *Lundy v Llatin*, 51 AD3d 877 [2008]). Thus, even fully crediting the plaintiff's version of the accident, she failed to raise a triable issue of fact as to whether the appellants were negligent, and, if so, whether that negligence was a proximate cause of the accident. Consequently, the appellants were entitled to summary judgment dismissing the complaint and all cross claims insofar as asserted against them (*see Kastritsios v Marcello*, 84 AD3d at 1175; *Plummer v Nourddine*, 82 AD3d 1069, 1070 [2011]; *Reed v New York City Tr. Auth.*, 299 AD2d 330, 331 [2002]).

The parties' remaining contentions, which relate to the order made upon renewal, have been rendered academic in light of our determination. Balkin, J.P., Hall, Austin and Cohen, JJ., concur.