■ TERRETHA BRABHAM, Appellant, v CITY OF NEW YORK et al., Defendants, and LUIS GRITO et al., Respondents. [963 NYS2d 332]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Ash, J.), dated March 1, 2012, which granted the motion of the defendants Luis Grito and Delta Luxury Car & Limo, Inc., for leave to renew and reargue their opposition to that branch of her motion which was for summary judgment on the issue of liability against them, which had been granted in an order of the same court dated October 28, 2011, and, upon renewal and reargument, vacated the determination in the order dated October 28, 2011, granting that branch of her motion which was for summary judgment on the issue of liability against those defendants and thereupon denied that branch of her motion.

Ordered that the order dated March 1, 2012 is modified, on the law, (1) by deleting the provision thereof granting that branch of the motion of the defendants Luis Grito and Delta Luxury Car & Limo, Inc., which was for leave to renew their op-

position to that branch of the plaintiff's motion which was for summary judgment on the issue of liability against them, and substituting therefor a provision denying that branch of the motion of those defendants, and (2) by deleting the provisions thereof, upon renewal and reargument, vacating the determination in the order dated October 28, 2011, granting that branch of the plaintiff's motion which was for summary judgment on the issue of liability against the defendants Luis Grito and Delta Luxury Car & Limo, Inc., and thereupon denying that branch of the plaintiff's motion, and substituting therefor a provision, upon reargument, adhering to the original determination in the order dated October 28, 2011, granting that branch of the plaintiff's motion which was for summary judgment on the issue of liability against the defendants Luis Grito and Delta Luxury Car & Limo, Inc.; as so modified, the order dated March 1, 2012, is affirmed, with one bill of costs to the plaintiff, payable by the defendants Luis Grito and Delta Luxury Car & Limo, Inc.

The plaintiff was a passenger in a vehicle operated by Luis Brito, incorrectly sued herein as Luis Grito, and owned by the defendant Delta Luxury Car & Limo, Inc. (hereinafter together the Delta defendants), when the vehicle collided with a New York City police vehicle operated by the defendant Joseph Lanza. The plaintiff subsequently commenced this action against the Delta defendants and Lanza, among others, to recover damages for personal injuries resulting from the collision. In an order dated October 28, 2011, the Supreme Court, inter alia, granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability against the Delta defendants. In an order dated March 1, 2012, the Supreme Court granted the Delta defendants' motion for leave to renew and reargue their opposition to that branch of the plaintiff's motion which was for summary judgment on the issue of liability against the Delta defendants and, upon renewal and reargument, denied that branch of the plaintiff's motion.

The Supreme Court should have denied that branch of the Delta defendants' motion which was for leave to renew their opposition to that branch of the plaintiff's motion which was for summary judgment on the issue of liability as against them. The new evidence submitted by the Delta defendants would not have changed the prior determination (see CPLR 2221 [e]; Arthur J. Gallagher & Co. v Marchese, 96 AD3d 791, 792 [2012]; Behar v Quaker Ridge Golf Club, Inc., 95 AD3d 808, 809 [2012]; Peycke v Newport Media Acquisition II, Inc., 40 AD3d 722 [2007]).

Moreover, upon reargument, the Supreme Court should have adhered to its prior determination granting that branch of the plaintiff's motion which was for summary judgment on the issue of liability against the Delta defendants. The plaintiff demonstrated, prima facie, that Brito was negligent in driving his vehicle at an excessive speed in violation of the Vehicle and Traffic Law (*see* Vehicle and Traffic Law § 1180; *Sentino v Valerio*, 72 AD3d 1063, 1064 [2010]). In opposition, the Delta defendants failed to raise a triable issue of fact. While the Delta defendants submitted evidence that the plaintiff was not wearing a seatbelt at the time of the accident, the plaintiff's alleged failure to wear a seatbelt is not relevant to the issue of liability but, rather, may, if properly pleaded as an affirmative defense, "be introduced into evidence in mitigation of damages" (Vehicle and Traffic Law § 1229-c [8]; *see Spier v Barker*, 35 NY2d 444, 450 [1974]; *Stevenson v Stockslager*, 33 AD3d 690, 690-691 [2006]). Further, the Delta defendants failed to demonstrate that an award of summary judgment to the plaintiff was premature, as they failed to demonstrate that discovery may lead to relevant evidence or that facts essential to justify opposition to the motion were exclusively within the knowledge and control of the plaintiff (*see* CPLR 3212 [f]; *Boorstein v 1261 48th St. Condominium*, 96 AD3d 703, 704 [2012]; *Buchinger v Jazz Leasing Corp.*, 95 AD3d 1053 [2012]). Finally, since Brito was negligent, the right of the plaintiff, as an innocent passenger, to an award of summary judgment on the issue of liability against the Delta defendants is not barred or limited by the existence of any unresolved questions as to the apportionment of fault between Brito and Lanza (*see Medina v Rodriguez*, 92 AD3d 850 [2012]; *Silberman v Surrey Cadillac Limousine Serv.*, 109 AD2d 833, 833-834 [1985]; *Kiernan v Edwards*, 97 AD2d 750 [1983]).

The plaintiff's remaining contentions are without merit. Skelos, J.P., Leventhal, Hall and Lott, JJ., concur.