■ NICOLE WILLIAMSON, Respondent, v ANTHONY COLEMAN et al., Respondents, and S.A. WILLIAMSON, Appellant. [979 NYS2d 849]—

In an action to recover damages for personal injuries, the defendant S.A. Williamson appeals from an order of the Supreme Court, Nassau County (Mahon, J.), entered July 19, 2013, which denied his motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant S.A. Williamson for summary judgment dismissing the complaint and all cross claims insofar as asserted against him is granted.

The plaintiff was a passenger in a vehicle owned and operated by the appellant when it was struck in the rear by a vehicle owned by the defendant Ronald Coleman and operated by the defendant Anthony Coleman. The appellant moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against him on the ground that he was not at fault in the happening of the subject accident since his vehicle was stopped on Guy Brewer Boulevard waiting to make a right turn onto Baisley Boulevard as a pedestrian crossed Baisley Boulevard. The Supreme Court denied the motion.

Here, the appellant established his prima facie entitlement to judgment as a matter of law by demonstrating that he was not at fault in the happening of the accident through the submission of his affidavit in which he stated that his vehicle was struck in the rear by the Colemans' vehicle while his vehicle was stopped, waiting to make a right turn to allow a pedestrian to cross the street (*see Moore v Singh*, 108 AD3d 602, 603 [2013]; *Hearn v Manzolillo*, 103 AD3d 689, 690 [2013]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Robayo v Aghaabdul*, 109 AD3d 892 [2013]; *Hearn v Manzolillo*, 103 AD3d at 691; *Ramirez v Konstanzer*, 61 AD3d 837, 837-838 [2009]). Accordingly, the Supreme Court should have granted the appellant's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him. Skelos, J.P., Dillon, Hall and Roman, JJ., concur.