■ Donna Leak, Respondent, v Hybrid Cars, Ltd., et al., Appellants, and Glen Quashie-Romeo et al., Respondents. [19 NYS3d 534]—

In an action to recover damages for personal injuries, the defendants Hybrid Cars, Ltd., and Saiful Islam appeal from an order of the Supreme Court, Kings County (Schmidt, J.), dated December 1, 2014, which denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendants Hybrid Cars, Ltd., and Saiful Islam for summary judgment dismissing the complaint and all cross claims insofar as asserted against them is granted.

The plaintiff was a passenger in an automobile owned by the defendant Hybrid Cars, Ltd., and operated by the defendant Saiful Islam (hereinafter together the appellants), when it was struck in the rear by a passenger van owned by the defendant Glen Quashie-Romeo and operated by the defendant Dexter Walters (hereinafter together the Walters defendants). After issue was joined, but before any depositions were held, the appellants moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them on the ground that they were not at fault in the happening of the subject accident. The Supreme Court denied the motion.

A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident (*see Theodorou v Perry*, 129 AD3d 1056, 1057 [2015]; *Boulos v Lerner-Harrington*, 124 AD3d 709, 709 [2015]). Here, the appellants established their prima facie entitlement to judgment as a matter of law by proffering evidence that Islam, the operator of their automobile, was not at fault in the happening of the accident (*see Gavrilova v Stark*, 129 AD3d 907, 909 [2015]; *Le Grand v Silberstein*, 123 AD3d 773, 774 [2014]; *Hearn v Manzolillo*, 103 AD3d 689, 690 [2013]; *Ramos v TC Paratransit*, 96 AD3d 924, 925 [2012]).

In opposition to the appellants' prima facie showing, neither the plaintiff nor the Walters defendants raised a triable issue of fact as to whether any negligence on the part of the appellants contributed to the accident (*see Hearn v Manzolillo*, 103 AD3d at 690). Under the circumstances, Walters' averment that he was traveling at a speed of 20 to 25 miles per hour approximately one car length behind the appellants' automobile, when Islam suddenly stopped for traffic in front of him, was insufficient to raise a triable issue of fact (*see Le Grand v Silberstein*, 123 AD3d at 775; *Hearn v Manzolillo*, 103 AD3d at 690-691; *Jumandeo v Franks*, 56 AD3d 614, 615 [2008]).

Further, the Walters defendants' contention that an award of summary judgment was premature because of outstanding disclosure is without merit, since they failed to demonstrate "that discovery might lead to relevant evidence or that the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the movant" (*Williams v Spencer-Hall*, 113 AD3d 759, 760 [2014]; *see Brabham v City of New York*, 105 AD3d 881, 883 [2013]). "The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny the motion" (*Lopez v WS Distrib., Inc.*, 34 AD3d 759, 760 [2006]; *see Le Grand v Silberstein*, 123 AD3d at 775).

Accordingly, the Supreme Court should have granted the appellants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. Dillon, J.P., Miller, Maltese and LaSalle, JJ., concur.