■ Maciej Sarata et al., Appellants, v Metropolitan Transportation Authority et al., Defendants/Third-Party Plaintiffs-Respondents, et al., Defendant/Third-Party Plaintiff, et al., Defendant. Fox Industries, Ltd., Third-Party Defendant-Respondent. [23 NYS3d 281]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Velasquez, J.), dated April 4, 2014, as denied that branch of their motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against the defendants Metropolitan Transportation Authority and New York City Transit Authority, also known as MTA New York City Transit.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, and that branch of the plaintiffs' motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against the defendants Metropolitan Transportation Authority and New York City Transit Authority, also known as MTA New York City Transit, is granted.

The defendants Metropolitan Transportation Authority and New York City Transit Authority, also known as MTA New York City Transit (hereinafter together the MTA defendants), retained the third-party defendant, Fox Industries, Ltd. (hereinafter Fox), in connection with the rehabilitation of a certain elevated subway line located in Brooklyn, which stood approximately 90 feet above ground level. The project required workers to remove a concrete encasement surrounding the structural steel beams of the elevated tracks. Two-man crews on elevated lifts performed the work by using hand-held jackhammers or chipping guns. Concrete pieces that had been dislodged from the steel beams were allowed to fall to the ground within a "controlled access zone" which was surrounded by a barricade of plywood. Vertical netting hung from the elevated structure down to ground level, where it was secured to the plywood barricade to ensure that debris would not fall outside of the controlled access zone.

The injured plaintiff was employed by Fox as a construction laborer. On the date of the accident, he was standing at ground level outside of the controlled access zone when a large four-foot piece of concrete that had been dislodged by one of his coworkers hit a cross-beam, flew through an opening in the protective netting, and struck him in the head. The injured plaintiff was knocked unconscious and transported to a nearby hospital, where he was diagnosed with a skull fracture and treated for head, brain, and spinal cord injuries.

The injured plaintiff, and his wife suing derivatively, commenced this action against, among others, the MTA defendants, alleging, inter alia, a violation of Labor Law § 240 (1). After issue was joined, the plaintiffs moved, among other things, for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against the MTA defendants. The MTA defendants opposed that branch of the plaintiffs' motion, asserting, among other things, that Labor Law § 240 (1) was not applicable to the facts of this case and that, in any event, summary judgment was premature. The Supreme Court, inter alia, denied that branch of the plaintiffs' motion. We reverse the order insofar as appealed from.

"Labor Law § 240 (1) imposes a nondelegable duty . . . to provide safety devices necessary to protect workers from risks inherent in elevated work sites" (*Vasquez-Roldan v Two Little Red Hens, Ltd.*, 129 AD3d 828, 829 [2015]; *see McCarthy v Turner Constr., Inc.*, 17 NY3d 369, 374 [2011]; *Alfonso v Pacific Classon Realty, LLC*, 101 AD3d 768, 770 [2012]). That section provides that "[a]ll contractors and owners and their agents . . . in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed" (Labor Law § 240 [1]). The term "owners," as used in the context of Labor Law § 240 (1), "has been held to encompass a person who has an interest in the property and who fulfilled the role of owner by contracting to have work performed for his benefit" (*Copertino v Ward*, 100 AD2d 565, 566 [1984]; *see Wicks v Leemilt's Petroleum, Inc.*, 103 AD3d 793, 795-796 [2013]). "To recover on a cause of action pursuant to Labor Law § 240 (1), a plaintiff must demonstrate that there was a violation of the statute, and that the violation was a proximate cause of the accident"

(*Przyborowski v A&M Cook, LLC*, 120 AD3d 651, 653 [2014]; *see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 287 [2003]; *Vasquez-Roldan v Two Little Red Hens, Ltd.*, 129 AD3d at 829).

"Labor Law § 240 (1) applies to both 'falling worker' and 'falling object' cases" (*Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 267 [2001]). " '[F]alling object' liability under Labor Law § 240 (1) is not limited to cases in which the falling object is in the process of being hoisted or secured" (*Quattrocchi v F.J. Sciame Constr. Corp.*, 11 NY3d 757, 758-759 [2008]; *see Sung Kyu-To v Triangle Equities, LLC*, 84 AD3d 1058, 1059-1060 [2011]; *Vargas v City of New York*, 59 AD3d 261, 261 [2009]). However, "section 240 (1) does not automatically apply simply because an object fell and injured a worker" (*Fabrizi v 1095 Ave. of the Ams., L.L.C.*, 22 NY3d 658, 663 [2014]; *see Roberts v General Elec. Co.*, 97 NY2d 737, 738 [2002]; *Moncayo v Curtis Partition Corp.*, 106 AD3d 963, 965 [2013]; *Fried v Always Green, LLC*, 77 AD3d 788, 789 [2010]). Rather, "[a] plaintiff must show that the object fell . . . *because of* the absence or inadequacy of a safety device of the kind enumerated in the statute" (*Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 268 [2001]; *see Fabrizi v 1095 Ave. of the Ams., L.L.C.*, 22 NY3d at 662). Accordingly, "[i]n order to prevail on summary judgment in a section 240 (1) 'falling object' case, the injured worker must demonstrate the existence of a hazard contemplated under that statute 'and the failure to use, or the inadequacy of, a safety device of the kind enumerated therein' " (*Fabrizi v 1095 Ave. of the Ams., L.L.C.*, 22 NY3d at 662, quoting *Narducci v Manhasset Bay Assoc.*, 96 NY2d at 267; *see Wilinski v 334 E. 92nd Hous. Dev. Fund Corp.*, 18 NY3d 1, 10 [2011]; *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501 [1993]).

Here, the plaintiffs established, prima facie, their entitlement to judgment as a matter of law on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against the MTA defendants. The plaintiffs' submissions demonstrated that the injured plaintiff suffered harm that "flow[ed] directly from the application of the force of gravity" to the piece of concrete that struck him (*Runner v New York Stock Exch., Inc.*, 13 NY3d 599, 604 [2009]; *see Wilinski v 334 E. 92nd Hous. Dev. Fund Corp.*, 18 NY3d at 10), and that given the nature and purpose of the work that was being performed at the time of his injury, the falling debris presented a significant risk of injury such that the MTA defendants were obligated under Labor Law § 240 (1) to use appropriate safety devices to safeguard the injured plaintiff from the harm it

posed (*see Sung Kyu-To v Triangle Equities, LLC*, 84 AD3d at 1060; *Vargas v City of New York*, 59 AD3d at 261; *cf. Narducci v Manhasset Bay Assoc.*, 96 NY2d at 268). The plaintiffs' submissions also demonstrated that the injured plaintiff's injury was "the direct consequence of a failure to provide adequate protection against [the] risk" of harm posed by the falling debris (*Runner v New York Stock Exch., Inc.*, 13 NY3d at 603; *see Wilinski v 334 E. 92nd Hous. Dev. Fund Corp.*, 18 NY3d at 10). Indeed, the plaintiffs established that the vertical netting that was installed around the controlled access zone to protect workers from the falling debris had pulled loose from the plywood barricade, creating an opening through which the concrete that struck the injured plaintiff traveled. Under these circumstances, the vertical netting constituted a safety device within the meaning of Labor Law § 240 (1) (*see Hill v Acies Group, LLC*, 122 AD3d 428, 429 [2014]; *Mercado v Caithness Long Is. LLC*, 104 AD3d 576, 577 [2013]; *see also Vetrano v J. Kokolakis Contr., Inc.*, 100 AD3d 984, 985-986 [2012]; *Draiss v Salk Constr. Corp.*, 201 AD2d 698, 699 [1994]), and the plaintiffs demonstrated that it was not "so constructed, placed and operated as to give proper protection" (Labor Law § 240 [1]). Furthermore, contrary to the MTA defendants' contention, the plaintiffs' submissions did not fail to eliminate all triable issues of fact as to whether the MTA defendants were subject to the nondelegable liability imposed by Labor Law § 240 (1) upon "[a]ll contractors and owners and their agents" (Labor Law § 240 [1]; *see Wicks v Leemilt's Petroleum, Inc.*, 103 AD3d at 795-796; *Kwang Ho Kim v D & W Shin Realty Corp.*, 47 AD3d 616, 618 [2008]; *Alomia v New York City Tr. Auth.*, 292 AD2d 403, 405 [2002]; *Copertino v Ward*, 100 AD2d at 566; *cf. McGuire v City of New York*, 211 AD2d 428, 429 [1995]; *Mattera v City of New York*, 169 AD2d 759, 759-760 [1991]).

In opposition to the plaintiffs' prima facie showing, the MTA defendants failed to raise a triable issue of fact. The minor inconsistencies in the accounts of the accident given by the various eyewitnesses were insufficient to raise a triable issue of fact since, under any of the accounts contained in the record, the inadequacy of the vertical netting was a proximate cause of the injured plaintiff's injuries (*see Hill v Acies Group, LLC*, 122 AD3d at 429; *Marrero v 2075 Holding Co. LLC*, 106 AD3d 408, 409 [2013]; *Mercado v Caithness Long Is. LLC*, 104 AD3d at 577). Furthermore, the MTA defendants failed to raise a triable issue of fact as to whether they were subject to the nondelegable liability imposed by Labor Law § 240 (1) (*see Wicks v Leemilt's Petroleum, Inc.*, 103 AD3d at 795-796). In addition, the MTA defendants' contention that an award of sum-

mary judgment was premature because of outstanding disclosure is without merit, since they failed to demonstrate "that discovery might lead to relevant evidence or that the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the movant" (*Williams v Spencer-Hall*, 113 AD3d 759, 760 [2014]; *see Brabham v City of New York*, 105 AD3d 881, 883 [2013]). "The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny the motion" (*Lopez v WS Distrib., Inc.*, 34 AD3d 759, 760 [2006]; *see Leak v Hybrid Cars, Ltd.*, 132 AD3d 958 [2015]). Accordingly, the Supreme Court should have granted that branch of the plaintiffs' motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against the MTA defendants. Dillon, J.P., Dickerson, Miller and Duffy, JJ., concur.