■ Lynette Pabarroo, Respondent, v TS 405 Lexington Owner, LLC, et al., Defendants, and Guardian Services, Appellant. [34 NYS3d 908]—

In an action to recover damages for personal injuries, the defendant Guardian Services appeals from an order of the Supreme Court, Queens County (Lane, J.), entered July 27, 2015, which denied, as premature, its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant Guardian Services for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted.

The plaintiff alleged that on April 24, 2012, she slipped and fell in a store operated by the defendant Duane Reade at 405 Lexington Avenue in Manhattan. She commenced this action against, among others, the defendant Guardian Services (hereinafter Guardian), which performs janitorial cleaning and maintenance services, to recover damages for her injuries based

on a theory of negligence. Guardian subsequently moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. The Supreme Court denied the motion. We reverse.

Guardian demonstrated its prima facie entitlement to judgment as a matter of law by submitting evidence establishing that it had no presence at or connection to the premises where the plaintiff allegedly fell. In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Furthermore, contrary to the plaintiff's contention and the Supreme Court's conclusion, the motion for summary judgment was not premature, since the plaintiff failed to demonstrate that further discovery might lead to relevant evidence or that facts essential to justify opposition to Guardian's motion were exclusively within the knowledge and control of Guardian (*see* CPLR 3212 [f]; *Williams v Spencer-Hall*, 113 AD3d 759, 760 [2014]; *Brabham v City of New York*, 105 AD3d 881, 883 [2013]). "The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny the motion" (*Lopez v WS Distrib., Inc.*, 34 AD3d 759, 760 [2006]; *see Sarata v Metropolitan Transp. Auth.*, 134 AD3d 1089, 1093 [2015]; *Leak v Hybrid Cars, Ltd.*, 132 AD3d 958, 959 [2015]).

Accordingly, the Supreme Court should have granted Guardian's motion. Mastro, J.P., Austin, Sgroi and Maltese, JJ., concur.