Pilgrim v Campoverde-Bravo (2019 NY Slip Op 06522)





Pilgrim v Campoverde-Bravo


2019 NY Slip Op 06522


Decided on September 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
BETSY BARROS, JJ.


2018-07754
 (Index No. 520124/16)

[*1]Gayle Pilgrim, plaintiff-respondent, 
v
C. G. Campoverde-Bravo, et al., appellants, Eddie Lee Schuler, defendant-respondent.


Russo & Tambasco, Melville, NY (Susan J. Mitola and Caner Demirayak of counsel), for appellants.
Jennifer S. Adams, Lake Success, NY (Justin M. Delaire of counsel), for defendant-respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants C. G. Campoverde-Bravo and Charles A. Campoverde appeal from an order of the Supreme Court, Kings County (Kathy J. King, J.), dated May 30, 2018. The order, insofar as appealed from, denied the cross motion of those defendants for summary judgment dismissing the amended complaint and all cross claims insofar as asserted against them.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the cross motion of the defendants C. G. Campoverde-Bravo and Charles A. Campoverde for summary judgment dismissing the amended complaint and all cross claims insofar as asserted against them is granted.
The plaintiff was a passenger in a motor vehicle owned by the defendant C. G. Campoverde-Bravo and operated by the defendant Charles A. Campoverde (hereinafter together the Campoverde defendants), when it was struck from the rear by a motor vehicle owned and operated by the defendant Eddie Lee Schuler, after Schuler swerved to avoid colliding with another vehicle, which had stopped suddenly in front of him. After discovery was completed, the plaintiff moved for summary judgment on the issue of liability against all defendants. Thereafter, the Campoverde defendants cross-moved for summary judgment dismissing the amended complaint insofar as asserted against them, as well as Schuler's cross claim against them, on the ground that Charles A. Campoverde was not at fault in the happening of the subject accident. The Supreme Court granted the plaintiff's motion for summary judgment to the extent of determining that the plaintiff was free from fault in the happening of the accident, and denied the Campoverde defendants' cross motion. The Campoverde defendants appeal.
"A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (Matias v Bello, 165 AD3d 642, 643; see Ardanuy v RB Juice, LLC, 164 AD3d 1296, 1297; Martinez v Allen, 163 AD3d 951, 951). Here, the Campoverde defendants established their prima facie entitlement to judgment as a matter of law by proffering evidence that Charles A. Campoverde was [*2]not at fault in the happening of the accident (see Lopez v Dobbins, 164 AD3d 776, 777; Leak v Hybrid Cars, Ltd., 132 AD3d 958, 959).
In opposition to the Campoverde defendants' prima facie showing, neither the plaintiff nor Schuler raised a triable issue of fact as to whether Charles A. Campoverde was at fault in the happening of the accident (see Leak v Hybrid Cars, Ltd., 132 AD3d at 959; Brothers v Bartling, 130 AD3d 554, 556; Le Grand v Silberstein, 123 AD3d 773, 775). The fact that Schuler may have been presented with an emergency situation by the sudden braking of the vehicle in front of him could potentially provide a non-negligent explanation for his own actions (see Wade v Knight Transp., Inc., 151 AD3d 1107, 1109), but it does not present a triable issue of fact with respect to Charles A. Campoverde's alleged negligence (see Leak v Hybrid Cars, Ltd., 132 AD3d at 959).
Accordingly, the Supreme Court should have granted the Campoverde defendants' cross motion for summary judgment dismissing the amended complaint and all cross claims insofar as asserted against them.
BALKIN, J.P., COHEN, MILLER and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court