| **Woolf v Singh** |
|:---:|
| 2024 NY Slip Op 33140(U) |
| September 6, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 155200/2022 |
| Judge: James G. Clynes |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. JAMES G. CLYNES**                                    PART            **22M**

*Justice*

-----------------------------------------------------------------------X

SAMANTHA WOOLF,

                         Plaintiff,

             - v -

PIARA SINGH, GURSHARAN SINGH, JACKIE HONG
TUONG

                     Defendants.

-----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 155200/2022 |
| MOTION DATE | 07/29/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34

were read on this motion to/for _____ JUDGMENT - SUMMARY _____.

Upon the foregoing documents, the motion by Defendant Jackie Hong Tuong for summary judgment and dismissal of the complaint against him and the cross motion by Plaintiff for partial summary judgment on the issue of liability on the grounds that Plaintiff is an innocent passenger, striking any affirmative defenses of culpable conduct on the part of Plaintiff are decided as follows:

Plaintiff seeks recovery for injuries allegedly sustained as a result of a motor vehicle accident between a vehicle owned and operated by Defendants Piara Singh and Gursharan Singh (Singh Defendants) in which Plaintiff and her husband were passengers and the vehicle operated by Defendant Tuong.

In support of his motion, Defendant Tuong relies in pertinent part on the examination before trial testimony of Plaintiff, Defendant Tuong, and Defendant Driver Singh.

Plaintiff testified that she was a back seat passenger sitting behind the driver with her husband who was seated in the back passenger side of the vehicle, both wearing their seatbelts, the vehicle within which they were passengers was going uptown on Third Avenue, Plaintiff could not see the speedometer from where she was sitting but her husband asked the driver to slow down, at the time of the accident, Plaintiff was talking to her husband, her first knowledge of the accident

155200/2022  WOOLF, SAMANTHA vs. SINGH, PIARA ET AL
Motion No. 001

Page 1 of 5

[* 1]

was the impact of the vehicles hitting, and the part of her host vehicle that was involved in the accident was the front.

Defendant Tuong testified that at the time of the accident he was in the car with his wife and his daughter, they were all wearing their seatbelts, he was driving northbound on Third Avenue in the far right lane, a cab pulled in front of him from the parking lane at the last second without signaling, he stopped so that he would not hit the cab, when he felt a bump towards the rear of his vehicle.

Defendant Piara Singh testified that he owned a yellow cab, he owned the medallion with his son, Gursharan Singh, at the time of the accident he was driving the cab northbound on Third Avenue, he had two passengers, one male and one female, when they entered his cab, he told them to put their seatbelts on, the passengers did not make any complaints to him, he was not speaking on the phone, he was driving in the right lane, he saw the other vehicle before the accident, it was moving with traffic, when the car in front of him stopped suddenly, he applied his brakes right away, he could not steer his car into the other lane because of traffic, and the front center of his vehicle impacted the rear middle of the vehicle in front of him.

Both the Singh Defendants and Plaintiff oppose Defendant Tuong's motion. The Singh Defendants contend that a jury ought to determine if Defendant Tuong acted reasonably given the circumstances, namely whether he acted reasonably in stopping and if he could have stopped sooner. Plaintiff contends that there are numerous questions of fact to preclude summary judgment in Defendant Tuong's favor. Plaintiff further contends that a jury will need to determine if Defendant Tuong's sudden stop was justified or if it was a proximate cause of the accident.

In reply, Defendant Tuong contends that it is clear from his testimony that he acted with all due care and reasonableness in the situation. Defendant Tuong further contends that the Singh Defendants fail to raise any question of fact in opposition to his motion.

In support of her cross-motion, Plaintiff contends that Plaintiff was a passenger in one of the defendants' vehicles and had no involvement in the causation of the crash. She further contends that given the absence of any culpable conduct on the part of the Plaintiff, the Defendant

155200/2022 WOOLF, SAMANTHA vs. SINGH, PIARA ET AL
Motion No. 001

Page 2 of 5

[* 2]

Tuong's First Affirmative Defense and the Singh Defendants' First Affirmative Defense should be stricken.

In opposition, Defendant Tuong contends that he was completely stopped when his vehicle was impacted in the rear. Defendant Driver Singh's testimony demonstrates that Defendant Singh is entirely responsible for the accident.

Rear-end collisions with stopped or stopping vehicles create a prima facie case of negligence against the rear vehicle driver unless an adequate nonnegligent explanation for the accident is given (*Kalair v Fajerman*, 202 AD3d 625 [1st Dept 2022]). In a chain-reaction collision, responsibility presumptively rests with the rearmost driver (*Cabrera v Thomas*, 193 AD3d 406 [1st Dept 2021]). "A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (*Leak v Hybrid Cars, Ltd.*, 132 AD3d 958 [2d Dept 2015]). In chain-collision accidents, the operator of the middle vehicle may establish prima facie entitlement to summary judgment by demonstrating that the middle vehicle was struck from behind by the rear vehicle and propelled into the lead vehicle (*Bardizbanian v Bhuiyan*, 181 AD3d 772 [2d Dept 2020]).

Here, Defendant Tuong demonstrated prima facie entitlement to summary judgment dismissing the Complaint and cross-claims against him. It is undisputed that Defendant Tuong's vehicle was stopped prior to the initial collision and propelled into the vehicle in front of him.

Defendant Tuong's motion for summary judgment in his favor and dismissal of the Complaint and cross-claims against him is granted and the Complaint and cross-claims against him are dismissed. Defendant Tuong established through the testimony of Plaintiff and Defendant Driver Singh prima facie negligence by the Singh Defendants by showing that Defendant Tuong was stopped when it was rear-ended by the Singh Defendants' vehicle in which Plaintiff was a passenger. The opposition and cross-motion of Plaintiff and opposition by the Singh Defendants fail to provide a non-negligent explanation for the rear end collision and therefore fail to raise an issue of fact sufficient to preclude a determination of liability in favor of Defendant Tuong.

155200/2022 WOOLF, SAMANTHA vs. SINGH, PIARA ET AL
Motion No. 001

Page 3 of 5

There is no dispute that Plaintiff is free from liability as an innocent passenger and is therefore entitled to partial summary judgment on the issue of liability (*see Garcia v Tri-County Ambulette Service, Inc.*, 282 A.D.2d 206 [1st Dept. 2001]). "It is well settled that the right of an innocent passenger to summary judgment is not in any way restricted by potential issues of comparative negligence as between the drivers of the ... vehicles" (*Garcia, supra*). Thus, Plaintiff's cross-motion for a determination that she is free from liability as an innocent passenger and for summary judgment on liability in her favor and against all Defendants is granted only to the extent that the Court determines she is free from liability as an innocent passenger and that Plaintiff is awarded summary judgment on liability only in her favor and against the Singh Defendants. The Singh Defendants' First Affirmative Defense alleging culpable conduct by Plaintiff is stricken.

Accordingly, it is

**ORDERED** that the motion by Defendant Jackie Hong Tuong for Summary Judgment and dismissal of the Complaint against him is granted; and it is further

**ORDERED** that the Clerk is directed to enter judgment accordingly in favor of said Defendant Tuong; and it is further

**ORDERED** that the action is severed and continued against the remaining Defendants; and it is further

**ORDERED** that the caption be amended to reflect the dismissal and that all future papers filed with the court bear the amended caption; and it is further

**ORDERED** that the cross-motion by Plaintiff for summary judgment on liability in favor of Plaintiff as an innocent passenger and against Defendants Piara Singh and Gursharan Singh is granted; and it is further

**ORDERED** that the branch of Plaintiff's cross-motion to strike the Singh Defendants' First Affirmative Defense alleging culpable conduct by Plaintiff is granted; and it is further

**ORDERED** that counsel for Plaintiff shall serve a copy of this order with Notice of Entry upon the Clerk of the Court and the Clerk of the General Clerk's Office, who are directed to mark the court's records to reflect the change in the caption herein; and it is further

**ORDERED** that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website).

This constitutes the Decision and Order of the Court.

_____9/6/2024_____
DATE

JAMES G. CLYNES, J.S.C.

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

155200/2022  WOOLF, SAMANTHA vs. SINGH, PIARA ET AL
Motion No. 001

Page 5 of 5

[* 5]

5 of 5