Byrnes v RP1185 LLC (2025 NY Slip Op 03243)

Byrnes v RP1185 LLC

2025 NY Slip Op 03243

Decided on May 29, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 29, 2025

Before: Moulton, J.P., Friedman, Scarpulla, O'Neill Levy, Michael, JJ. 

Index No. 160214/19|Appeal No. 4464|Case No. 2024-00361|

[*1]Thomas Byrnes et al., Plaintiffs-Respondents-Appellants,
v
RP1185 LLC, et al., Defendants-Respondents, Global Precast Inc., Defendant-Appellant-Respondent.

RP1185 LLC, et al., Third-Party Plaintiffs-Respondents,
v
Global Precast Inc., Third-Party Defendant-Appellant-Respondent.

Global Precast Inc., Second Third-Party Plaintiff-Appellant-Respondent,
v
Jemco Erectors Inc., Second Third-Party Defendant-Respondent.

Buratti, Turpin & Lenoff, New York (Louis A. Carotenuto of counsel), for appellant-respondent.
Sacks and Sacks, LLP, New York (Scott N. Singer of counsel), for respondents-appellants.
Cerussi & Spring, P.C., White Plains (Gregory Termolle of counsel), for RP1185 LLC and Lend Lease (US) Construction LMB, Inc., respondents.
Barry McTiernan & Moore LLC, New York (Courtney Chadwell of counsel), for Jemco Erectors Inc., respondent.

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered on or about January 8, 2024, which, to the extent appealed from, (1) granted plaintiffs' motion for summary judgment on the issue of liability to the extent it sought judgment on the Labor Law § 200 and common-law negligence claims as against defendant Global Precast Inc., and denied the motion to the extent it sought judgment on the Labor Law § 240(1) claims as against defendants Global, RP1185 LLC, and Lendlease (US) Construction LMB Inc.; and (2) denied Global's motion for summary judgment dismissing plaintiffs' Labor Law §§ 200 and 240(1) claims and for judgment in its favor on its third-party causes of action as against second third-party defendant Jemco Erectors, Inc. for contractual indemnification and breach of contract for failure to procure insurance, unanimously modified, on the law, to grant plaintiffs' motion to the extent it sought summary judgment on the issue of liability on their Labor Law § 240(1) claim as against Global, RP1185 LLC, and Lendlease, and to deny plaintiffs' motion to the extent it sought summary judgment on the issues of liability on their Labor Law § 200 and common-law negligence claims as against Global, and otherwise affirmed, without costs.
Plaintiff Thomas Byrnes (plaintiff), a stone derrickman employed by Jemco, alleges that he was injured when he was forced to jump approximately 15 feet to the ground to avoid being struck by a precast concrete panel as it fell from above him. At the time of the incident, plaintiff was part of a Jemco crew that was installing the panels onto the superstructure of a building owned by RP1185. Global, which designed and manufactured the panels, was a subcontractor of Lendlease, the project's construction manager; Global, in turn, hired Jemco as a subcontractor to install the panels.
Supreme Court erred when it denied plaintiffs' motion for summary judgment on the Labor Law § 240(1) cause of action as against Global, RP1185 LLC, and Lendlease, as plaintiffs established prima facie entitlement to summary judgment by submitting evidence that plaintiff's injury was proximately caused by the type of elevation-related risk contemplated under section 240(1). The testimony established that the concrete panel, which measured around 20 feet wide by 5 feet tall and weighed around 15,000 pounds, required securing for the purposes of the undertaking (see e.g. Quattrocchi v F.J. Sciame Const. Corp., 11 NY3d 757, 759 [2008]). Furthermore, plaintiffs' proof on their motion demonstrated that the panel, which was positioned above plaintiff, was inadequately secured, as it was not fully connected to the superstructure or secured by temporary devices before the crane released it (see Boyle v 42nd St. Dev. Project, Inc., 38 AD3d 404, 406 [1st Dept 2007]; see also Fabrizi v 1095 Ave. of Ams., L.L.C., 22 NY3d 658, 661, 662-663 [2014]).
In opposition, defendants failed to raise a triable issue of fact. Testimony that the panel might [*2]have remained in place for as long as 10 minutes before it fell does not warrant a different result, as the evidence showed that plaintiff's injury could have been prevented had the panel been secured by the required safety devices until the final connections on the superstructure were completed (see Keerdoja v Legacy Yards Tenant, LLC, 166 AD3d 418, 418-419 [1st Dept 2018]; Boyle, 38 AD3d at 406). Moreover, that the panel was not being hoisted at the time of the incident is of no moment, as "liability under Labor Law § 240(1) is not limited to cases in which the falling object is in the process of being hoisted or secured" (Quattrocchi, 11 NY3d at 759; see Vargas v City of New York, 59 AD3d 261, 261 [1st Dept 2009]).
Although Supreme Court properly denied Global's motion for summary judgment on plaintiffs' Labor Law § 200 and common-law negligence claims, it should also have denied plaintiff's motion for summary judgment as against Global on those claims. Jemco's experts opined that that the panel itself was defectively designed and manufactured, stating that the panel's concrete was inadequate for the project, as were the panel's connection points to the superstructure; according to Jemco's expert, these defects caused the panel to fall. Global's expert, however, opined that the panel met all the required specifications, and that it was Jemco's manner of installing the panel, not any design or manufacturing defect, that led to the incident. Thus, the record presents issues of fact about what caused the panel to fall, rendering summary judgment against Global inappropriate.
Supreme Court properly denied Global's motion insofar as it sought summary judgment on its cause of action for indemnification against Jemco. Although one of the indemnification clauses in the subcontract contains a savings clause, a grant of conditional indemnity is inappropriate, as the record presents evidence from which a jury could conclude that Global was the sole proximate cause of the accident (see Quiroz v New York Presbyterian/Columbia Univ. Med. Ctr., 202 AD3d 555, 557 [1st Dept 2022]; Pawlicki v 200 Park, L.P., 199 AD3d 578, 579 [1st Dept 2021]).
Supreme Court also correctly denied Global's motion insofar as it sought judgment on its cause of action alleging that Jemco breached an insurance procurement clause. The Global-Jemco subcontract requires Jemco to provide insurance coverage "in connection with [the] subcontract," and Jemco fulfilled this requirement. We reject Global's argument that Jemco was obliged to obtain coverage that included coverage for the work of material manufacturers and suppliers, as the contract provision Jemco relies on does not so state. Because the subcontract was only for installation of the panels and not their design or manufacture, Jemco was not required to purchase insurance covering the panels' design and manufacture (see Goncalves v 515 Park Ave. Condo., 39 AD3d 262, 263 [1st Dept 2007]). Furthermore, whether Global is entitled [*3]to coverage if it is found only vicariously liable for Jemco's work in connection with the subcontract is an issue appropriately decided in a declaratory judgment action against the carrier, not in this action (see KMO-361 Realty Assocs. v Podbielski, 254 AD2d 43, 44 [1st Dept 1998]; see also Perez v Morse Diesel Intl., Inc., 10 AD3d 497, 498 [1st Dept 2004]).
We have considered the remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 29, 2025