The injured plaintiff Xian Hong Pan was a passenger in a ve *707 hide operated by the defendant Yufen Wang and owned by the defendant George Lee, which was struck from the rear by a vehicle owned and operated by the defendant Michael Buglione in the westbound HOV lane of the Long Island Expressway. The injured plaintiff, and her husband suing derivatively, commenced this action against the defendants. Yufen Wang and Lee moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them on the ground that Buglione alone was negligent in causing this accident. The Supreme Court denied that motion, and this appeal ensued.
A rear-end collision with a stopped or stopping vehicle creates a prima facie case of negligence with respect to the operator of the moving vehicle and imposes a duty on that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision (see Tutrani v County of Suffolk, 10 NY3d 906, 908 [2008]; Zdenek v Safety Consultants, Inc., 63 AD3d 918 [2009]; Ramirez v Konstanzer, 61 AD3d 837 [2009]; Jumandeo v Franks, 56 AD3d 614 [2008]). The claim that the lead vehicle made a sudden stop, standing alone, is insufficient to rebut the presumption of negligence on the part of the following vehicle (see Kastritsios v Marcello, 84 AD 3d 1174 [2011]; Franco v Breceus, 70 AD3d 767 [2010]; Mallen v Su, 67 AD3d 974 [2009]; Rainford v Sung S. Han, 18 AD3d 638 [2005]; Russ v Investech Sec., 6 AD3d 602 [2004]).
Here, Yufen Wang and Lee established their prima facie entitlement to judgment as a matter of law by submitting evidence that Buglione’s vehicle struck their vehicle in the rear as it was slowing down for the traffic condition ahead of it. In opposition, the plaintiffs and Buglione failed to submit evidence sufficient to raise a triable issue of fact as to whether Yufen Wang contributed to the accident. In his deposition, Buglione described the traffic condition as stop and go, and testified that he saw that the traffic ahead of Yufen Wang’s vehicle was slowing down when Yufen Wang applied her brake (see Kastritsios v Marcello, 84 AD3d 1174 [2011]; Jumandeo v Franks, 56 AD3d 614 [2008]; Arias v Rosario, 52 AD3d 551 [2008]; Harrington v Kern, 52 AD3d 473 [2008]). Accordingly, the Supreme Court should have granted the motion of Yufen Wang and Lee for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. Skelos, J.P., Balkin, Dickerson and Hinds-Radix, JJ., concur.