■ Miguel Robayo, Appellant, v Sami K. Aghaabdul, Respondent. [971 NYS2d 317]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Rosengarten, J.), entered January 3, 2013, which denied his motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability is granted.

The plaintiff commenced this action alleging that while in the right lane of the George Washington Bridge, his vehicle was struck in the rear by the defendant's vehicle. Prior to the completion of discovery, the plaintiff moved for summary judgment on the issue of liability. The Supreme Court denied his motion.

A rear-end collision with a stopped or stopping vehicle creates a prima facie case of negligence with respect to the operator of the moving vehicle and imposes a duty on that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision (see *Xian Hong Pan v Buglione*, 101 AD3d 706 [2012]; *Zdenek v Safety Consultants, Inc.*, 63 AD3d 918 [2009]). "A claim that the driver of the lead vehicle made a sudden stop, standing alone, is insufficient to rebut the presumption of negligence" (*Jumandeo v Franks*, 56 AD3d 614, 615 [2008] [internal quotation marks omitted]).

Here, the plaintiff established his prima facie entitlement to judgment as a matter of law by submitting evidence that the defendant's vehicle struck his vehicle in the rear as the plaintiff's vehicle was slowing down for traffic in front of it (see *Xian Hong Pan v Buglione*, 101 AD3d at 706). In opposition, the defendant failed to raise a triable issue of fact. "[V]ehicle stops which are foreseeable under the prevailing traffic conditions, even if sudden and frequent, must be anticipated by the driver who follows, since he or she is under a duty to maintain a safe distance between his or her car and the car ahead" (*Shamah v Richmond County Ambulance Serv.*, 279 AD2d 564, 565 [2001]). In his affidavit, the defendant acknowledged that he was traveling slowly due to the volume of traffic on the bridge. Because the lane in which both vehicles were traveling was closed ahead of them, the plaintiff's vehicle began to move into the adjacent lane, and then stopped suddenly. Under these circumstances, the defendant's conclusory assertion that the plaintiff's vehicle stopped suddenly was insufficient to raise a triable issue of fact as to whether the plaintiff negligently contributed to the happening of the accident, as the defendant

should have anticipated that the plaintiff might have to make a sudden stop (*see Sayyed v Murray*, 109 AD3d 464 [2013]; *Staton v Ilic*, 69 AD3d 606, 607 [2010]).

Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the issue of liability. Angiolillo, J.P., Chambers, Sgroi and Cohen, JJ., concur.