In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Lewis, J.), dated August 17, 2012, as granted that branch of the plaintiffs motion which was, upon renewal, for summary judgment on the issue of liability and denied those branches of their cross motion which were to compel the plaintiff to provide authorizations for the release of his medical and employment records for the five-year period prior to the happening of the subject accident.
Ordered that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof denying that branch of the defendants’ cross motion which was to compel the plaintiff to provide authorizations for the release of his medical records for the five-year period prior to the happening of the subject accident, and substituting therefor a provision granting that branch of the defendants’ cross motion to the extent of directing that the plaintiff provide authorizations for the release of his medical records pertaining to the treatment of his knees, neck, back, and left shoulder for the five-year period prior to the happening of the subject accident, and otherwise denying that branch of the cross motion; as so modified, the or *670 der is affirmed insofar as appealed from, without costs or disbursements.
On Friday, June 25, 2010, during evening rush hour, while traveling on the southbound Van Wyck Expressway, near the exit for Atlantic Avenue, the plaintiffs vehicle was struck in the rear by a vehicle owned by the defendant Trillium USA, LLC, and operated by the defendant Giovanni Hernandez. The weather was clear and the roads were dry.
The plaintiff commenced this action to recover damages for personal injuries against the defendants. Prior to depositions being conducted, the plaintiff moved for summary judgment on the issue of liability. In an order dated June 10, 2011, the Supreme Court denied, as premature, the plaintiffs motion for summary judgment on the issue of liability, with leave to renew upon completion of discovery.
After depositions had been conducted, the plaintiff, inter alia, renewed his motion for summary judgment on the issue of liability, contending that Hernandez failed to maintain a safe distance between the vehicle he was operating and the plaintiffs vehicle. In opposition, the defendants argued that the plaintiffs sudden stop caused the accident and that, consequently, a triable issue of fact existed as to the plaintiffs comparative fault. The defendants also cross-moved, inter alia, to compel the plaintiff to provide authorizations for the release of the plaintiffs medical and employment records for the five-year period prior to the happening of the accident.
The Supreme Court, inter alia, granted that branch of the plaintiffs motion which was, upon renewal, for summary judgment on the issue of liability, and denied those branches of the defendants’ cross motion which were to compel the plaintiff to provide authorizations for the release of his medical and employment records for the five-year period prior to the happening of the accident.
“A rear-end collision with a stopped or stopping vehicle creates a prima facie case of negligence with respect to the operator of the moving vehicle and imposes a duty on that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision” (Pollard v Independent Beauty & Barber Supply Co., 94 AD3d 845, 845-846 [2012]; see Tutrani v County of Suffolk, 10 NY3d 906, 908 [2008]; Delvalle v Mercedes Benz USA, LLC, 94 AD3d 942 [2012]; Perez v Roberts, 91 AD3d 620, 621 [2012]; Ramos v TC Paratransit, 96 AD3d 924, 925 [2012]; Giangrasso v Callahan, 87 AD3d 521, 522 [2011]; Scheker v Brown, 85 AD3d 1007, 1007 [2011]). A conclusory assertion by the operator of the following vehicle that the sudden *671 stop of the vehicle caused the accident is insufficient, in and of itself, to provide a nonnegligent explanation (see Kastritsios v Marcello, 84 AD3d 1174 [2011]; Celentano v Moriarty, 75 AD3d 572 [2010]; Franco v Breceus, 70 AD3d 767 [2010]; Mallen v Su, 67 AD3d 974, 975 [2009]; Ramirez v Konstanzer, 61 AD3d 837 [2009] ; Jumandeo v Franks, 56 AD3d 614 [2008]; Arias v Rosario, 52 AD3d 551, 552-553 [2008]; Lundy v Llatin, 51 AD3d 877 [2008]). The issue of comparative fault will be left for a jury to determine only where there is a triable issue of fact as to whether the frontmost driver also operated his or her vehicle in a negligent manner (see Gaeta v Carter, 6 AD3d 576, 577 [2004]). However, “ ‘[v]ehicle stops which are foreseeable under the prevailing traffic conditions, even if sudden and frequent, must be anticipated by the driver who follows, since he or she is under a duty to maintain a safe distance between his or her car and the car ahead’ ” (Volpe v Limoncelli, 74 AD3d 795, 795-796 [2010] , quoting Shamah v Richmond County Ambulance Serv., 279 AD2d 564, 565 [2001]; see Staton v Ilic, 69 AD3d 606 [2010]; Lampkin v Chan, 68 AD3d 727 [2009]; Hakakian v McCabe, 38 AD3d 493 [2007]).
Here, the plaintiff submitted his affidavit and transcripts of his and Hernandez’s deposition testimony, which demonstrated that the plaintiffs vehicle was struck in the rear by the defendants’ vehicle while the plaintiff was traveling in the middle lane of the southbound Van Wyck Expressway. These submissions established the plaintiffs prima facie entitlement to judgment as a matter of law on the issue of liability (see Robayo v Aghaabdul, 109 AD3d 892 [2013]; Jumandeo v Franks, 56 AD3d at 614; Lundy v Llatin, 51 AD3d at 877; Ahmad v Grimaldi, 40 AD3d 786, 787 [2007]).
In opposition to the plaintiff’s prima facie showing, the defendants failed to raise a triable issue of fact as to whether the plaintiffs negligence contributed to the accident. Hernandez testified at his deposition that he was less than one car length behind the plaintiffs vehicle, traveling no more than 30 miles per hour, as they both traveled in the same lane of the southbound Van Wyck Expressway during weekday evening rush hour traffic. He also testified that he could not see in front of the plaintiffs vehicle. Under these circumstances, the defendants’ contention that the plaintiffs vehicle came to a sudden stop was insufficient to raise a triable issue of fact as to whether there was a nonnegligent explanation for the accident (see Jumandeo v Franks, 56 AD3d at 615; Lundy v Llatin, 51 AD3d at 877-878; Ahmad v Grimaldi, 40 AD3d at 787). Accordingly, the Supreme Court properly granted that branch of the *672 plaintiffs motion which was, upon renewal, for summary judgment on the issue of liability.
The Supreme Court improvidently exercised its discretion in denying that branch of the defendants’ cross motion which was to compel the plaintiff to provide authorizations for the release of his medical records for the five-year period pre-dating the accident insofar as the defendants sought the release of medical records pertaining to prior treatment of the plaintiffs knees, neck, back, and left shoulder during that period of time. “There shall be full disclosure of all matter material and necessary in the prosecution or defense of an action” (CPLR 3101 [a]). While physician-patient communications are privileged under CPLR 4504, “[a] litigant will be deemed to have waived the privilege when, in bringing or defending a personal injury action, that person has affirmatively placed his or her mental or physical condition in issue” (Dillenbeck v Hess, 73 NY2d 278, 287 [1989]; see Farkas v Orange Regional Med. Ctr., 97 AD3d 720, 721 [2012] ). Further, “a party must provide duly executed and acknowledged written authorizations for the release of pertinent medical records under the liberal discovery provisions of the CPLR (see CPLR 3121, subd [a]) when that party has waived the physician-patient privilege by affirmatively putting his or her physical or mental condition in issue” (Cynthia B. v New Rochelle Hosp. Med. Ctr., 60 NY2d 452, 456-457 [1983]; see Diamond v Ross Orthopedic Group, P.C., 41 AD3d 768 [2007]).
Here, the defendants’ request for authorizations for the release of the plaintiffs medical records for the five-year period prior to the accident sought information that was material and necessary to the defense of the action, given the plaintiffs allegations in his bill of particulars and first supplemental bill of particulars, in effect, that the accident exacerbated or accelerated previously existing injuries to the plaintiffs knees, neck, back, and left shoulder (see Colwin v Katz, 102 AD3d 449, 449 [2013] ; McGlone v Port Auth. of N.Y. & N.J., 90 AD3d 479, 480 [2011]).
The Supreme Court providently exercised its discretion in denying that branch of the defendants’ cross motion which sought additional authorizations for the release of the plaintiffs employment records. “A party is not entitled to unlimited, uncontrolled, unfettered disclosure” (Geffner v Mercy Med. Ctr., 83 AD3d 998, 998 [2011]). The plaintiff has already provided the defendants with an authorization for the release of his employment records from January 1, 2008, through August 2011. The defendants failed to demonstrate how the plaintiff’s employment records from June 2005 through December 2007 were ei *673 ther material or necessary to the defense of this action. Angiolillo, J.E, Dickerson, Austin and Hinds-Radix, JJ., concur.