■ GEORGE BILLIS, Appellant, v CRAIG TUNJIAN, Defendant, and TERRY PHILLIPS et al., Respondents. [992 NYS2d 319]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Siegal, J.), dated May 10, 2013, which granted the motion of the defendants Terry Phillips and Rosa Phillips for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

The plaintiff was a passenger in a vehicle operated by the defendant Terry Phillips and owned by the defendant Rosa Phillips (hereinafter together the Phillips defendants), which was struck from the rear by a vehicle owned and operated by the defendant Craig Tunjian, while both vehicles were traveling eastbound on Route 25A. The plaintiff commenced this action against the defendants to recover damages for personal injuries he allegedly sustained as a result of the accident.

The Phillips defendants moved for summary judgment dismissing the complaint insofar as asserted against them, contending that Tunjian alone was negligent in causing the accident since their vehicle had been stopped at a red light at Route 25A's intersection with Sound Avenue when the accident occurred. The Supreme Court granted the motion.

"A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle" (*Scheker v Brown*, 85 AD3d 1007, 1007 [2011] [internal quotation marks omitted]). "As a general rule, 'a rear-end collision establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision' " (*Kastritsios v Marcello*, 84 AD3d 1174, 1174-1175 [2011], quoting *Plummer v Nourddine*, 82 AD3d 1069, 1069-1070 [2011]). This is true whether the lead vehicle is stopped or stopping (*see Xian Hong Pan v Buglione*, 101 AD3d 706, 707 [2012]).

Where the movant has established his or her entitlement to judgment as a matter of law, the burden shifts to the opposing party to provide sufficient evidence to raise a triable issue of fact as to the moving party's comparative fault (*see Lu Yuan Yang v Howsal Cab Corp.*, 106 AD3d 1055 [2013]; *Sirot v Troiano*, 66 AD3d 763, 764 [2009]). A bare allegation that the lead vehicle stopped short is insufficient to rebut the inference of negligence on the part of the driver of the following vehicle (*see Xian Hong Pan v Buglione*, 101 AD3d at 707; *Staton v Ilic*, 69 AD3d 606, 606 [2010]).

Here, the Phillips defendants established their prima facie entitlement to judgment as a matter of law (*see Moore v Singh*, 108 AD3d 602, 603 [2013]; *Xian Hong Pan v Buglione*, 101 AD3d at 707; *Nozine v Anurag*, 38 AD3d 631, 632 [2007]). They submitted excerpts of the deposition testimony of Terry Phillips, who stated that he saw the color of the traffic light at the subject intersection change from green to yellow when he was approximately 10 car lengths away from the intersection, that he then applied his brakes, and that, at the point of impact, he had been stopped at the red light for "a couple of seconds" when his vehicle was struck in the rear by Tunjian's vehicle. Further, the Phillips defendants submitted excerpts of Tunjian's deposition testimony, wherein he stated that just before impact, he had glanced down at his gas gauge for a split second as his vehicle was still moving and, as soon as he looked up, the front of his vehicle made contact with the rear of the Phillips defendants' vehicle despite having applied his brakes.

In opposition, the plaintiff failed to raise a triable issue of fact as to whether Terry Phillips contributed to the happening of the accident (*see Williamson v Coleman*, 114 AD3d 768, 768 [2014]; *Moore v Singh*, 108 AD3d at 603; *Nozine v Anurag*, 38 AD3d at 632). The plaintiff's contention that Terry Phillips's deposition testimony that he had stopped prior to the impact differed from his statement to the police that he had been slowing down for a yellow light at the time of the impact is immaterial to the issue of Terry Phillips's comparative fault (*see Xian Hong Pan v Buglione*, 101 AD3d at 707; *see also Scheker v Brown*, 85 AD3d at 1007; *Kastritsios v Marcello*, 84 AD3d at 1175). Moreover, the plaintiff's assertion that Terry Phillips's vehicle stopped short was insufficient to defeat the Phillips defendants' summary judgment motion (*see Xian Hong Pan v Buglione*, 101 AD3d at 707).

Accordingly, the Supreme Court properly granted the Phillips defendants' motion for summary judgment dismissing the complaint insofar as asserted against them. Dickerson, J.P., Leventhal, Austin and Hinds-Radix, JJ., concur.