■ MARLENE LE GRAND, Respondent, v ZAEV SILBERSTEIN, Respondent, and GUILLET ROBERSON, Appellant. [999 NYS2d 96]—

In an action to recover damages for personal injuries, the defendant Guillet Roberson appeals from so much of an order of the Supreme Court, Kings County (Silber, J.), dated March 20, 2014, as denied his motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, and the motion of the defendant Guillet Roberson for summary judgment dismissing the complaint and all cross claims insofar as asserted against him is granted.

The plaintiff Marlene Le Grand, a passenger in a vehicle owned and operated by the defendant Roberson Guillet, sued herein as Guillet Roberson (hereinafter Guillet), allegedly sustained personal injuries when Guillet's vehicle was struck in the rear by a vehicle owned and operated by the defendant Zaev Silberstein as both vehicles were traveling in the eastbound left lane of the Staten Island Expressway. After issue was joined, but before any depositions were held, Guillet moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against him. The Supreme Court, inter alia, denied Guillet's motion.

A rear-end collision with a stopped or stopping vehicle creates a prima facie case of negligence with respect to the operator of the rear vehicle and imposes a duty on that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision (see *Tutrani v County of Suffolk*, 10 NY3d 906, 908 [2008]; *Gutierrez v Trillium USA, LLC*, 111 AD3d 669, 670-671 [2013]; *Pollard v Independent Beauty & Barber Supply Co.*, 94 AD3d 845, 846 [2012]).

"One of several nonnegligent explanations for a rear-end collision [may be] a sudden stop of the lead vehicle" (*Chepel v Meyers*, 306 AD2d 235, 237 [2003]; see *Amador v City of New York*, 120 AD3d 526, 526 [2014]; *Ramos v TC Paratransit*, 96 AD3d 924, 925 [2012]; *Vargas v Luxury Family Corp.*, 77 AD3d 820, 821 [2010]; *Foti v Fleetwood Ride, Inc.*, 57 AD3d 724 [2008]). However, "vehicle stops which are foreseeable under the prevailing traffic conditions, even if sudden and frequent, must be anticipated by the driver who follows, since he or she is under a duty to maintain a safe distance between his or her car and the car ahead" (*Shamah v Richmond County Ambulance Serv.*, 279 AD2d 564, 565 [2001]; see *Gutierrez v Trillium USA, LLC*, 111 AD3d at 671; *Robayo v Aghaabdul*, 109 AD3d 892, 893 [2013]).

Here, Guillet established his prima facie entitlement to judgment as a matter of law by proffering his own affidavit, which demonstrated that his vehicle was slowing down for traffic in front of it when it was struck in the rear by the Silberstein vehicle (*see Gutierrez v Trillium USA, LLC*, 111 AD3d at 671; *Robayo v Aghaabdul*, 109 AD3d at 893; *Hearn v Manzolillo*, 103 AD3d 689, 690 [2013]; *Xian Hong Pan v Buglione*, 101 AD3d 706, 707 [2012]; *Ramos v TC Paratransit*, 96 AD3d at 925; *Staton v Ilic*, 69 AD3d 606, 607 [2010]).

In opposition to Guillet's prima facie showing, neither the plaintiff nor Silberstein raised a triable issue of fact as to whether any negligence on the part of Guillet contributed to the accident (*see Gutierrez v Trillium, USA, LLC*, 111 AD3d at 671). Under the circumstances, Silberstein's averments that his vehicle was "positioned behind a line of traffic," and that Guillet's vehicle came to a sudden stop while in heavy traffic, were insufficient to raise a triable issue of fact as to whether there was a nonnegligent explanation for the rear-end collision (*see id.*; *Robayo v Aghaabdul*, 109 AD3d at 893-894; *Xian Hong Pan v Buglione*, 101 AD3d at 707).

Furthermore, the plaintiff's and Silberstein's contentions that summary judgment was premature due to outstanding disclosure is without merit, since they failed to demonstrate "that discovery might lead to relevant evidence or that the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the movant" (*Williams v Spencer-Hall*, 113 AD3d 759, 760 [2014]). "The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny the motion" (*Lopez v WS Distrib., Inc.*, 34 AD3d 759, 760 [2006]; *see Williams v Spencer-Hall*, 113 AD3d at 760).

Accordingly, the Supreme Court should have granted Guillet's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him. Skelos, J.P., Balkin, Austin and Barros, JJ., concur.