■ SAMEERA N. BROTHERS et al., Respondents, v SUSAN L. BARTLING et al., Respondents, and CYNTHIA PRICE et al., Appellants. [13 NYS3d 202]—

In an action to recover damages for personal injuries, the defendants Cynthia Price and Kenneth Gill appeal, as limited by their brief, from so much of an order of Supreme Court, Kings County (Velasquez, J.), dated March 19, 2014, as denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendants Cynthia Price and Kenneth Gill for summary judgment dismissing the complaint and all cross claims insofar as asserted against them is granted.

This action arises out of a two-vehicle accident that occurred on South Conduit Avenue where it merges with the Belt Parkway in Queens on June 17, 2011. The plaintiffs, Sameera N. Brothers and Lisa M. Slocumb, were passengers in a vehicle owned by the defendants Cynthia Price and Kenneth Gill, and operated by Gill, when it was struck in the rear by a vehicle owned by the defendant Susan L. Bartling, and operated by the defendant Jeffrey D. Roux. The plaintiffs commenced this action against the defendants to recover damages for personal injuries. Price and Gill moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. The Supreme Court denied the motion.

"When the driver of an automobile approaches another automobile from the rear, he or she is bound to maintain a reasonably safe rate of speed and control over his vehicle, and to exercise reasonable care to avoid colliding with the other vehicle" (*Gaeta v Carter*, 6 AD3d 576, 576 [2004]; *see Gallo v Jairath*, 122 AD3d 795, 796 [2014]; *Taing v Drewery*, 100 AD3d 740, 741 [2012]; *Ortiz v Hub Truck Rental Corp.*, 82 AD3d 725 [2011]; *Nsiah-Ababio v Hunter*, 78 AD3d 672 [2010]; *see also* Vehicle and Traffic Law § 1129 [a]).

" 'A rear-end collision with a stopped or stopping vehicle creates a prima facie case of negligence against the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision' " (*Volpe v Limoncelli*, 74 AD3d 795, 795 [2010], quoting *Klopchin v Masri*, 45 AD3d 737, 737 [2007]; *see Tutrani v County of Suffolk*, 10 NY3d 906, 908 [2008]; *Le Grand v Silberstein*, 123 AD3d 773 [2014]; *Williams v Spencer-Hall*, 113 AD3d 759, 760 [2014]).

A nonnegligent explanation for a rear-end collision may include evidence of a sudden stop of the lead vehicle (*see Le*

*Grand v Silberstein*, 123 AD3d at 773; *Amador v City of New York*, 120 AD3d 526, 526 [2014]; *Ramos v TC Paratransit*, 96 AD3d 924 [2012]). However, "vehicle stops which are foreseeable under the prevailing traffic conditions, even if sudden and frequent, must be anticipated by the driver who follows, since he or she is under a duty to maintain a safe distance between his or her car and the car ahead" (*Shamah v Richmond County Ambulance Serv.*, 279 AD2d 564, 565 [2001]; *see Le Grand v Silberstein*, 123 AD3d at 773; *Gutierrez v Trillium USA, LLC*, 111 AD3d 669, 671 [2013]; *Robayo v Aghaabdul*, 109 AD3d 892, 893 [2013]). Moreover, "[a] conclusory assertion by the operator of the following vehicle that the sudden stop of the vehicle caused the accident is insufficient, in and of itself, to provide a nonnegligent explanation" (*Gutierrez v Trillium USA, LLC*, 111 AD3d at 670-671; *see Le Grand v Silberstein*, 123 AD3d at 773; *Robayo v Aghaabdul*, 109 AD3d at 893; *Xian Hong Pan v Buglione*, 101 AD3d 706, 707 [2012]).

Here, Price and Gill established their prima facie entitlement to judgment as a matter of law through the deposition testimony of Gill and the plaintiffs, which demonstrated that traffic was moving slowly, and Gill's vehicle was merging onto the parkway when it was struck in the rear by the vehicle operated by Roux (*see Le Grand v Silberstein*, 123 AD3d at 773; *Gutierrez v Trillium USA, LLC*, 111 AD3d at 671; *Robayo v Aghaabdul*, 109 AD3d at 893; *Xian Hong Pan v Buglione*, 101 AD3d at 707). In opposition to this prima facie showing, Bartling and Roux failed to raise a triable issue of fact as to whether any negligence on the part of Gill contributed to the accident (*see Le Grand v Silberstein*, 123 AD3d at 773; *Gutierrez v Trillium USA, LLC*, 111 AD3d at 671). Roux's assertion that it was the sudden stop of Gill's vehicle which caused the accident was insufficient, in and of itself, to raise a triable issue of fact as to whether there was a nonnegligent explanation for the rear-end collision (*see Le Grand v Silberstein*, 123 AD3d at 773; *Gutierrez v Trillium USA, LLC*, 111 AD3d at 671).

Accordingly, the Supreme Court should have granted Price's and Gill's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. Mastro, J.P., Chambers, Roman and LaSalle, JJ., concur.