■ GUILLAUME THEO, Respondent, v DONALD VASQUEZ, JR., et al., Respondents, and LOUIS R. DOMINIQUE et al., Appellants. [26 NYS3d 85]—

In an action to recover damages for personal injuries, the defendants Louis R. Dominique and Merline Adrien appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Bayne, J.), dated January 14, 2015, as denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs payable by the defendants Donald Vasquez, Jr., and R. Dana Pest Control, Corp., to the defendants Louis R. Dominique and Merline Adrien, the motion of the defendants Louis R. Dominique and Merline Adrien for summary judgment dismissing the complaint and all cross claims insofar as asserted against them is granted and, upon searching the record, the plaintiff's cross motion for summary judgment on the issue of liability against the defendants Donald Vasquez, Jr., and R. Dana Pest Control, Corp., is granted.

The plaintiff was a passenger in a vehicle operated by the defendant Louis R.

Dominique and owned by the defendant Merline Adrien when that vehicle was rear-ended by a vehicle operated by the defendant Donald Vasquez, Jr. At the time of the accident Vasquez was operating his vehicle within the scope of his employment with the defendant R. Dana Pest Control, Corp. (hereinafter Dana). The plaintiff commenced this action to recover damages for personal injuries against, among others, Dominique, Adrien, Vasquez, and Dana. Dominique and Adrien moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, contending that Vasquez's negligent operation of his vehicle was the sole proximate cause of the accident. The plaintiff cross-moved for

summary judgment on the issue of liability against Vasquez and Dana, contending that Vasquez's negligent operation of his vehicle was the sole proximate cause of the accident. The Supreme Court denied the motion and the cross motion. Dominique and Adrien appeal.

A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision (*see Le Grand v Silberstein*, 123 AD3d 773, 774 [2014]; *Cheow v Cheng Lin Jin*, 121 AD3d 1058, 1058-1059 [2014]; *Kastritsios v Marcello*, 84 AD3d 1174, 1174-1175 [2011]). While a nonnegligent explanation for a rear-end collision may include evidence of a sudden stop of the lead vehicle, " 'vehicle stops which are foreseeable under the prevailing traffic conditions, even if sudden and frequent, must be anticipated by the driver who follows, since he or she is under a duty to maintain a safe distance between his or her car and the car ahead' " (*Brothers v Bartling*, 130 AD3d 554, 556 [2015], quoting *Shamah v Richmond County Ambulance Serv.*, 279 AD2d 564, 565 [2001]; *see Robayo v Aghaabdul*, 109 AD3d 892, 893 [2013]).

Here, Dominique and Adrien established their prima facie entitlement to judgment as a matter of law by submitting the deposition testimony of the parties, which demonstrated that the Dominique vehicle was slowing down for traffic in front of it when it was struck in the rear by the Vasquez vehicle, and that no negligence on the part of Dominique contributed to the accident (*see Le Grand v Silberstein*, 123 AD3d at 775; *Robayo v Aghaabdul*, 109 AD3d at 893; *Cajas-Romero v Ward*, 106 AD3d 850, 852 [2013]; *Ayach v Ghazal*, 25 AD3d 742, 743 [2006]). In opposition, Vasquez and Dana failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted the motion of Dominique and Adrien for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Although the plaintiff has not appealed from the order, this Court has the authority to search the record and grant summary judgment to a non-appealing party with respect to an issue that was the subject of the motions before the Supreme Court (*see Dunham v Hilco Constr. Co.*, 89 NY2d 425, 429-430 [1996]; *Piltser v Donna Lee Mgt. Corp.*, 29 AD3d 973, 974-975 [2006]; *Colon v Vargas*, 27 AD3d 512, 514 [2006]). Upon searching the record, we grant the plaintiff's cross motion for summary judgment on the issue of liability against the defendants

Vasquez and Dana. Dillon, J.P., Dickerson, Hinds-Radix and Maltese, JJ., concur.