■ Marvia L. Waide, Appellant, v ARI Fleet, LT, et al., Respondents. [39 NYS3d 512]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Baily-Schiffman, J.), dated October 29, 2015, which denied her motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability is granted.

The plaintiff allegedly was injured when the vehicle she was driving was struck in the rear by a vehicle owned by the defendant Ari Fleet, LT, and operated by the defendant Dafe Okodiko. At her deposition, the plaintiff testified that prior to the collision, she stopped for a red traffic light at an intersection on Atlantic Avenue in Brooklyn. According to the plaintiff, when the light turned green, she kept her vehicle stationary because a truck was in the process of pulling out from a supermarket parking lot onto Atlantic Avenue. In contrast, Okodiko testified that the plaintiff's vehicle began to move when the light turned green, and that the plaintiff stopped suddenly when the truck pulled out from the parking lot into traffic. Although Okodiko estimated that he was operating his vehicle at a speed of about five miles per hour, he was unable to stop in time to avoid the collision. The plaintiff subsequently moved for summary judgment on the issue of liability, contending that Okodiko's negligent operation of his vehicle was the sole proximate cause of the accident. The Supreme Court denied the motion, and the plaintiff appeals.

"A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle" (Scheker v Brown, 85 AD3d 1007, 1007 [2011] [internal quotation marks omitted]; see Vehicle and Traffic Law § 1129 [a]; Orellana v Maggies Paratransit Corp., 138 AD3d 941, 942 [2016]; Pelikan v Latney-Castillo, 135 AD3d 839, 840 [2016]; Billis v Tunjian, 120 AD3d 1168, 1169 [2014]). A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent

explanation for the collision (*see Tutrani v County of Suffolk*, 10 NY3d 906, 908 [2008]; *Theo v Vasquez*, 136 AD3d 795, 796 [2016]). While a nonnegligent explanation for a rear-end collision may include evidence of a sudden stop of the lead vehicle, vehicle stops which are foreseeable under the prevailing traffic conditions must be anticipated by the driver who follows, since he or she is under a duty to maintain a safe distance between his or her vehicle and the vehicle ahead (*see Theo v Vasquez*, 136 AD3d at 796; *Brothers v Bartling*, 130 AD3d 554, 556 [2015]).

Here, the plaintiff established her prima facie entitlement to judgment as a matter of law by submitting the deposition testimony of the parties, which demonstrated that her vehicle was stopped when it was struck in the rear by the defendants' vehicle. Although Okodiko's version of the events leading to the collision differed in some respects from the plaintiff's version, he admitted seeing the truck pull out from the parking lot in front of the plaintiff's vehicle, and admitted being unable to stop in time to avoid the collision despite his estimated speed of five miles per hour. Even accepting Okodiko's version as true, his testimony demonstrated that his failure to maintain a reasonably safe distance between the plaintiff's vehicle and his own vehicle was the sole proximate cause of the accident (*see Cajas-Romero v Ward*, 106 AD3d 850, 852 [2013]; *Ayach v Ghazal*, 25 AD3d 742, 743 [2006]; *see also Staskiv v Shlayan*, 132 AD3d 971, 972 [2015]; *Ramirez v Konstanzer*, 61 AD3d 837 [2009]). In opposition, the defendants failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the issue of liability. Eng, P.J., Balkin, Hall and Barros, JJ., concur.