■ ANTONIO GONZALEZ et al., Appellants, v FERNANDO ALVAREZ et al., Defendants, and EUGEN CRISTEA, Respondent. [56 NYS3d 538]—

In an action to recover damages for personal injuries, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Bayne, J.), dated February 10, 2016, as granted that branch of the motion of the defendant Eugen Cristea which was for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, with costs.

At about 5:15 p.m. on July 6, 2012, the defendant Eugen Cristea was driving southbound on the Van Wyck Expressway in Queens when his vehicle was struck in the rear by a vehicle

owned and operated by the defendant Fernando Alvarez. The plaintiffs, who were passengers in the Alvarez vehicle, allegedly were injured as a result of the collision. The plaintiffs commenced this action against Alvarez, Cristea, and the alleged owner of Cristea's vehicle. At his deposition, Cristea testified that his vehicle had been completely stopped in heavy traffic for 5 to 10 seconds when the collision occurred. In contrast, Alvarez testified that Cristea's vehicle braked "suddenly," even though there appeared to be no traffic in front of it. However, Alvarez admitted that Cristea's vehicle was stopped at the time of impact, and that he did not see Cristea's vehicle until he hit it. Cristea subsequently moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against him, contending that Alvarez's negligent operation of his vehicle was the sole proximate cause of the accident. The Supreme Court granted that branch of Cristea's motion which was for summary judgment dismissing the complaint insofar as asserted against him, and the plaintiffs appeal.

A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision (see *Tutrani v County of Suffolk*, 10 NY3d 906, 908 [2008]; *Bowen v Farrell*, 140 AD3d 1001, 1002 [2016]; *Theo v Vasquez*, 136 AD3d 795, 796 [2016]). While a nonnegligent explanation for a rear-end collision may include evidence of a sudden stop of the lead vehicle, vehicle stops which are foreseeable under the prevailing traffic conditions must be anticipated by the driver who follows, since he or she is under a duty to maintain a safe distance between his or her vehicle and the vehicle ahead (see *Theo v Vasquez*, 136 AD3d at 796; *Brothers v Bartling*, 130 AD3d 554, 556 [2015]).

Here, Cristea established his prima facie entitlement to judgment as a matter of law by submitting evidence that he was not at fault in the happening of the accident (see *Waide v ARI Fleet, LT*, 143 AD3d 975, 976 [2016]; *Lukyanovich v H.L. Gen. Contrs., Inc.*, 141 AD3d 693 [2016]; *Theo v Vasquez*, 136 AD3d at 796). Cristea submitted the deposition testimony of the parties, which demonstrated that Cristea's vehicle was stopped when it was struck in the rear by Alvarez's vehicle. Although Alvarez testified that Cristea's vehicle braked suddenly, he admitted that Cristea's vehicle was stopped at the time of impact, and that he did not see Cristea's vehicle until he hit it. Under these circumstances, Alvarez's claim that Cristea's vehicle braked suddenly did not raise a triable issue fact as to

whether any negligence on the part of Cristea contributed to the accident (see Bene v Dalessio, 135 AD3d 679, 680 [2016]; Brothers v Bartling, 130 AD3d at 556). In opposition to Cristea's prima facie showing, the plaintiffs failed to raise an issue of fact. Accordingly, the Supreme Court properly granted that branch of Cristea's motion which was for summary judgment dismissing the complaint insofar as asserted against him. Eng, P.J., Rivera, Balkin and Barros, JJ., concur.