Poon v Nisanov (2018 NY Slip Op 04365)





Poon v Nisanov


2018 NY Slip Op 04365


Decided on June 13, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 13, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
BETSY BARROS, JJ.


2016-00147
2016-06641
 (Index No. 10745/13)

[*1]Samuel Poon, plaintiff-respondent, 
v
Rubin Nisanov, et al., appellants, Maribel P. Rodriguez, et al., defendants-respondents.


Karen L. Lawrence (Sweetbaum & Sweetbaum, Lake Success, NY [Joel A. Sweetbaum and Marshall D. Sweetbaum], of counsel), for appellants.
Caesar and Napoli, P.C., New York, NY (Ernest A. Spivak of counsel), for plaintiff-respondent.
Mendolia & Stenz (Russo Apoznanski & Tambasco, Melville, NY [Susan J. Mitola], of counsel), for defendants-respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Rubin Nisanov and Dayan Nisanov appeal from (1) an order of the Supreme Court, Queens County (Duane A. Hart, J.), entered October 28, 2015, and (2) an order of the same court entered November 2, 2015. The order entered October 28, 2015, insofar as appealed from, denied that branch of the cross motion of the defendants Rubin Nisanov and Dayan Nisanov which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against them on the ground that they were not at fault in the happening of the subject accident. The order entered November 2, 2015, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the issue of liability on the complaint insofar as asserted against the defendants Rubin Nisanov and Dayan Nisanov and dismissing the affirmative defense of those defendants which alleged that the plaintiff was comparatively negligent.
ORDERED that the order entered October 28, 2015, is affirmed insofar as appealed from, without costs or disbursements; and it is further,
ORDERED that the order entered November 2, 2015, is modified, on the law, by deleting the provision thereof granting that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the complaint insofar as asserted against the defendants Rubin Nisanov and Dayan Nisanov, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
On June 15, 2011, at approximately 4:24 p.m., the plaintiff was driving on the entrance ramp to the Brooklyn-Queens Expressway near the intersection of McGuiness Boulevard and Meeker Avenue, when his vehicle allegedly was struck in the rear by a vehicle operated by the defendant Angel Ramos and owned by the defendants Jennie Rodriguez and Maribel P. Rodriguez [*2](hereinafter collectively the Ramos defendants). A vehicle owned by the defendant Rubin Nisanov and operated by the defendant Dayan Nisanov (hereinafter together the Nisanov defendants) allegedly was traveling on the shoulder of the same entrance ramp and allegedly contributed to the collision between the plaintiff's vehicle and the Ramos defendants' vehicle.
The plaintiff commenced this action claiming negligence. The Nisanov defendants interposed an answer which included, inter alia, an affirmative defense alleging that the plaintiff was comparatively negligent in the happening of the accident. The plaintiff subsequently moved for, among other relief, summary judgment on the issue of liability on the complaint insofar as asserted against the Nisanov defendants and dismissing the affirmative defense of the Nisanov defendants which alleged that the plaintiff was comparatively negligent. The Nisanov defendants cross-moved, inter alia, for summary judgment dismissing the complaint and all cross claims insofar as asserted against them on the ground that they were not at fault in the happening of the accident.
In an order entered October 28, 2015, the Supreme Court, among other things, denied that branch of the Nisanov defendants' cross motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against them on the ground that they were not at fault in the happening of the accident. In an order entered November 2, 2015, the court, inter alia, granted those branches of the plaintiff's motion which were for summary judgment on the issue of liability on the complaint insofar as asserted against the Nisanov defendants and dismissing the affirmative defense of the Nisanov defendants alleging comparative negligence. The Nisanov defendants appeal.
With certain limitations not applicable here, "[a]ny party may move for summary judgment in any action" (CPLR 3212[a]). "A motion for summary judgment shall be supported by affidavit, by a copy of the pleadings and by other available proof, such as depositions and written admissions" (CPLR 3212[b]). The moving party's submissions must show "that there is no defense to the cause of action or that the cause of action or defense has no merit" (id.). A motion for summary judgment "shall be granted if, upon all the papers and proof submitted, the cause of action or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party" (id.; see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
A plaintiff moving for summary judgment on a cause of action asserted in a complaint generally has the burden of establishing, prima facie, "all of the essential elements of the cause of action" (Nunez v Chase Manhattan Bank, 155 AD3d 641, 643; see Stukas v Streiter, 83 AD3d 18, 23). By contrast, a defendant moving for summary judgment dismissing one of the plaintiff's causes of action may generally sustain his or her prima facie burden "by negating a single essential element" of that cause of action (Nunez v Chase Manhattan Bank, 155 AD3d at 643). To defeat summary judgment, the nonmoving party need only rebut the prima facie showing made by the moving party so as to demonstrate the existence of a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d at 324; Stukas v Streiter, 83 AD3d at 23-24).
As relevant here, "the elements of a cause of action sounding in negligence are: (1) the existence of a duty on the defendant's part as to the plaintiff; (2) a breach of this duty; and (3) an injury to the plaintiff as a result thereof" (Stukas v Streiter, 83 AD3d at 23). Accordingly, a defendant who moves for summary judgment dismissing a cause of action alleging negligence may sustain his or her initial burden by "establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (Boulos v Lerner-Harrington, 124 AD3d 709, 709; see Estate of Goldstein v Kingston, 153 AD3d 1235, 1236; Searless v Karczewski, 153 AD3d 957, 958; Victor v Daley, 150 AD3d 1307, 1307; Faust v Gerde, 150 AD3d 1204, 1204).
Here, in support of that branch of their cross motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against them on the ground that they were not at fault in the happening of the accident, the Nisanov defendants principally relied upon the deposition testimony of the plaintiff and Dayan Nisanov. Dayan Nisanov testified that he was driving approximately one car length behind the Ramos defendants' vehicle when that vehicle came in contact with the plaintiff's vehicle. The plaintiff's testimony indicated [*3]that he did not observe the Nisanov defendants' vehicle contributing to the accident. This evidence established the Nisanov defendants' prima facie entitlement to judgment as a matter of law dismissing the complaint and all cross claims insofar as asserted against them, since it demonstrated that Dayan Nisanov was not at fault in the happening of the accident (see generally Victor v Daley, 150 AD3d at 1307-1308; Whitehead v Reithoffer Shows, 304 AD2d 754, 755).
However, in opposition to the Nisanov defendants' cross motion, both the plaintiff and the Ramos defendants relied upon the deposition testimony of Ramos, which had not been submitted by the Nisanov defendants in support of their cross motion. According to Ramos, Dayan Nisanov was driving on the shoulder of the entrance ramp next to the Ramos defendants' vehicle, and the Ramos defendants' vehicle came in contact with the plaintiff's vehicle when Ramos tried to avoid impact with the Nisanov defendants' vehicle. Ramos's version of the accident raised a triable issue of fact as to whether Dayan Nisanov was free from fault in the happening of the accident (see Wilson v Rojas, 63 AD3d 1048, 1049; Karash v Adetunji, 56 AD3d 726, 726-727; White v Diaz, 49 AD3d 134, 140; see also Vehicle and Traffic Law § 1131; 34 RCNY 4-08[a][5]). Accordingly, we agree with the Supreme Court's determination to deny that branch of the Nisanov defendants' cross motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against them on the ground that they were not at fault in the happening of the accident.
With respect to the plaintiff's motion, a plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries (see Rodriguez v City of New York, _____ NY3d _____, 2018 NY Slip Op 02287, *5 [2018]; see Stukas v Streiter, 83 AD3d at 23). "To be entitled to partial summary judgment a plaintiff does not bear the . . . burden of establishing . . . the absence of his or her own comparative fault" (Rodriguez v City of New York, _____ NY3d ______, 2018 NY Slip Op 02287, *6).
Here, in support of his motion, the plaintiff submitted the deposition testimony of the plaintiff, Dayan Nisanov, and Ramos. Inasmuch as the deposition testimony of Dayan Nisanov and the plaintiff indicated that Dayan Nisanov was not negligent in the operation of his vehicle, while the deposition testimony of Ramos indicated that Dayan Nisanov was negligent in the operation of his vehicle, the plaintiff's submissions failed to eliminate all triable issues of fact as to whether Dayan Nisanov was negligent and, if so, whether any such negligence caused or contributed to the accident (see generally Greenidge v United Parcel Serv., Inc., 153 AD3d 905, 907). Accordingly, the Supreme Court should have denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the complaint insofar as asserted against the Nisanov defendants (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Although a plaintiff need not demonstrate the absence of his or her own comparative negligence to be entitled to partial summary judgment as to a defendant's liability (see Rodriguez v City of New York, _____ NY3d ______, 2018 NY Slip Op 02287, *6), the issue of a plaintiff's comparative negligence may be decided in the context of a summary judgment motion where, as here, the plaintiff moved for summary judgment dismissing a defendant's affirmative defense of comparative negligence (see e.g. Jiang-Hong Chen v Heart Tr., Inc., 143 AD3d 945, 945).
Here, in support of that branch of his motion which was for summary judgment dismissing the affirmative defense of the Nisanov defendants alleging that he was comparatively negligent, the plaintiff submitted deposition testimony that showed that his vehicle was struck in the rear while it was stopped. Accordingly, the plaintiff demonstrated, prima facie, that he was not at fault in the happening of the accident (see Gonzalez v Alvarez, 151 AD3d 814, 815; Waide v ARI Fleet, LT, 143 AD3d 975, 976). In opposition, the Nisanov defendants failed to raise a triable issue of fact. Accordingly, we agree with the Supreme Court's determination to grant that branch of the plaintiff's motion which was for summary judgment dismissing the affirmative defense of the Nisanov defendants which alleged that the plaintiff was comparatively negligent.
RIVERA, J.P., COHEN, MILLER and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court