Arslan v Costello (2018 NY Slip Op 06221)





Arslan v Costello


2018 NY Slip Op 06221


Decided on September 26, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 26, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2017-02098
 (Index No. 609495/16)

[*1]Senol Arslan, respondent, 
v
Michael Costello, et al., appellants.


Bello & Larkin, Hauppauge, NY (Kelly Green of counsel), for appellants.
Rosenberg & Gluck, LLP, Holtsville, NY (Megan M. Mackenzie of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Suffolk County (Paul J. Baisley, Jr., J.), dated January 20, 2017. The order granted the plaintiff's motion for summary judgment on the issue of liability.
ORDERED that the order is affirmed, with costs.
On November 23, 2014, at approximately 2:40 p.m., a vehicle owned by the defendant Michael Costello and operated by the defendant Michael Costello, Jr., struck the rear of a vehicle operated by the plaintiff in Manhattan. The plaintiff commenced this action against the defendants to recover damages for personal injuries allegedly sustained by him as result of the accident. The plaintiff moved for summary judgment on the issue of liability. The Supreme Court granted the motion, and the defendants appeal.
"A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision" (Waide v ARI Fleet, LT, 143 AD3d 975, 975-976; see Taing v Drewery, 100 AD3d 740). Here, in support of his motion, the plaintiff submitted an affidavit wherein he averred that the vehicle that he was operating was stopped at a red traffic light when it was struck in the rear by the defendants' vehicle. Thus, the plaintiff established, prima facie, that the defendant driver's negligence was a proximate cause of the accident (see Rodriguez v City of New York, 31 NY3d 312; Waide v ARI Fleet, LT, 143 AD3d at 975).
In opposition, the defendants submitted the affidavit of the defendant driver, which failed to provide a nonnegligent excuse for striking the rear of the plaintiff's vehicle. The defendant driver averred that the plaintiff's vehicle struck a vehicle in front of it and came to a short stop. According to the defendant driver, there was heavy, stop-and-go traffic at the time, and the vehicle he was operating was traveling approximately 5 to 10 miles per hour and was approximately 20 feet behind the plaintiff's vehicle when the plaintiff's vehicle stopped short. The defendant driver asserted that he could not stop his vehicle in time to avoid the impact. "While a nonnegligent explanation for a rear-end collision may include evidence of a sudden stop of the lead vehicle, [*2]vehicle stops which are foreseeable under the prevailing traffic conditions must be anticipated by the driver who follows, since he or she is under a duty to maintain a safe distance between his or her vehicle and the vehicle ahead" (Waide v ARI Fleet, LT, 143 AD3d at 976; see Taing v Drewery, 100 AD3d 740). Given the traffic conditions as related by the defendant driver, his assertion that the plaintiff's vehicle came to a sudden stop was insufficient to raise a triable issue of fact as to whether there was a nonnegligent explanation for the collision between the plaintiff's vehicle and the defendants' vehicle (see Taing v Drewery, 100 AD3d at 741).
Accordingly, we agree with the Supreme Court's determination to grant the plaintiff's motion for summary judgment on the issue of liability.
DILLON, J.P., CHAMBERS, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court