Batho v Urbana Cab Corp. (2024 NY Slip Op 00402)

Batho v Urbana Cab Corp.

2024 NY Slip Op 00402

Decided on January 31, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 31, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2022-05242
 (Index No. 515291/19)

[*1]David Batho, appellant, 
v
Urbana Cab Corp., et al., respondents, et al., defendants.

William Pager, Brooklyn, NY, for appellant.
Baker, McEvoy & Moskovits, P.C. (Marjorie E. Bornes, Brooklyn, NY, of counsel), for respondents Urbana Cab Corp. and Sayed Hasan.
Nancy L. Isserlis (The Zweig Law Firm, P.C., Woodmere, NY [Daniel Rifkin], of counsel), for respondents Upward Mobility Limousine, Inc., and Okera K. Williams.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Robin K. Sheares, J.), dated June 14, 2022. The order, insofar as appealed from, (1) granted that branch of the motion of the defendants Upward Mobility Limousine, Inc., and Okera K. Williams which was pursuant to CPLR 2221 to modify an order of the same court (Loren Baily-Schiffman, J.) dated September 22, 2020, so as to add a provision thereto directing dismissal of the complaint insofar as asserted against them, (2) granted that branch of the motion of the defendants Urbana Cab Corp. and Sayed Hasan which was for summary judgment dismissing the complaint insofar as asserted against them, and (3) denied the plaintiff's motion for leave to renew and reargue his opposition to that branch of the prior motion of the defendants Upward Mobility Limousine, Inc., and Okera K. Williams which was for summary judgment dismissing the complaint insofar as asserted against them, which had been determined in the order dated September 22, 2020.
ORDERED that the appeal from so much of the order dated June 14, 2022, as denied that branch of the plaintiff's motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order dated June 14, 2022, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the respondents.
This action arises out of a three-vehicle, chain-collision accident. The lead vehicle was owned by the defendant Urbana Cab Corp. (hereinafter Urbana) and operated by the defendant Sayed Hasan. The middle vehicle was owned by the defendant Upward Mobility Limousine, Inc. (hereinafter Upward), and operated by the defendant Okera K. Williams. The rearmost vehicle, in which the plaintiff was a passenger, was owned by the defendant American United Transportation, Inc., and operated by the defendant Joseph J. Levant.
The plaintiff commenced this action to recover damages for personal injures he allegedly sustained in the accident. Upward and Williams moved for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them. In an order dated September 22, 2020, the Supreme Court stated that "summary judgment is granted on the issue of liability."
Upward and Williams then moved pursuant to CPLR 2221 to modify the order dated September 22, 2020, so as to add a provision thereto directing dismissal of the complaint and all cross-claims insofar as asserted against them. Urbana and Hasan moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. The plaintiff moved for leave to renew and reargue his opposition to that branch of the prior motion of Upward and Williams which was for summary judgment dismissing the complaint insofar as asserted against them. In an order dated June 14, 2022, the Supreme Court, among other things, granted that branch of the motion of Upward and Williams which was to modify the order dated September 22, 2020, so as to add a provision thereto directing dismissal of the complaint insofar as asserted against them, granted that branch of the motion of Urbana and Hasan which was for summary judgment dismissing the complaint insofar as asserted against them, and denied the plaintiff's motion. The plaintiff appeals.
Urbana and Hasan established their prima facie entitlement to judgment as a matter of law by demonstrating that their vehicle was slowing down for the traffic conditions ahead when it was struck in the rear by the middle vehicle and that Hasan was not at fault in the happening of the accident (see Bello v Masters Auto Collision of Long Is., Inc., 216 AD3d 726, 727; Gavrilova v Stark, 129 AD3d 907, 909; Le Grand v Silberstein, 123 AD3d 773, 775). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of the motion of Urbana and Hasan which was for summary judgment dismissing the complaint insofar as asserted against them.
A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221[e][2]) and "shall contain reasonable justification for the failure to present such facts on the prior motion" (id. § 2221[e][3]). Here, the Supreme Court properly denied that branch of the plaintiff's motion which was for leave to renew his opposition to that branch of the prior motion of Upward and Williams which was for summary judgment dismissing the complaint insofar as asserted against them, since the plaintiff failed to present new facts that would change the prior determination (see Dash Windows of L.I., Inc. v Bivona, 216 AD3d 915; Leader v Steinway, Inc., 186 AD3d 1211, 1213).
The plaintiff's remaining contentions are either without merit or not properly before this Court.
DILLON, J.P., MILLER, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court