Choudhary v DiSilvio (2024 NY Slip Op 01698)

Choudhary v DiSilvio

2024 NY Slip Op 01698

Decided on March 27, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
LARA J. GENOVESI
HELEN VOUTSINAS, JJ.

2023-02010
 (Index No. 714482/22)

[*1]Hasan Choudhary, plaintiff-respondent,
v
Alexa DiSilvio, defendant-respondent, Marie Delphonse, appellant.

Michael Ferro, Melville, NY (Patricia McDonagh of counsel), for appellant.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Marie Delphonse appeals from an order of the Supreme Court, Queens County (Joseph J. Esposito, J.), entered January 20, 2023. The order denied, without prejudice, that defendant's motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against her.
ORDERED that the order is affirmed, without costs or disbursements.
The plaintiff commenced this action against the defendants to recover damages for personal injuries that he allegedly sustained as a result of a three-vehicle collision. The plaintiff alleged that the lead vehicle was operated by the defendant Marie Delphonse, the middle vehicle was operated by the plaintiff, and the rearmost vehicle was operated by the defendant Alexa DiSilvio. Delphonse and DiSilvio asserted cross-claims against one another. Before the completion of discovery, Delphonse moved for summary judgment dismissing the complaint and all cross-claims insofar as asserted against her. In an order entered January 20, 2023, the Supreme Court denied the motion without prejudice. Delphonse appeals.
"A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle" (Nsiah-Ababio v Hunter, 78 AD3d 672, 672; see Vehicle and Traffic Law § 1129[a]; Quintanilla v Mark, 210 AD3d 713). "'There can be more than one proximate cause of an accident, and a defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident'" (Napier v Gleberman, 212 AD3d 829, 830, quoting Martinez v Allen, 163 AD3d 951, 951 [citation omitted]). "'[N]ot every rear-end collision is the exclusive fault of the rearmost driver. The frontmost driver also has the duty not to stop suddenly or slow down without proper signaling so as to avoid a collision'" (Martinez v Allen, 163 AD3d at 951-952, quoting Tutrani v County of Suffolk, 64 AD3d 53, 59-60 [internal quotation marks omitted]).
Here, Delphonse established her prima facie entitlement to judgment as a matter of law by submitting, inter alia, her affidavit, which demonstrated that she was not at fault in the happening of the accident (see Theo v Vasquez, 136 AD3d 795; Le Grand v Silberstein, 123 AD3d 773, 775) through her averment that her vehicle had slowed to approximately 10 miles per hour for the traffic conditions ahead when it was struck in the rear by the plaintiff's vehicle (see Le Grand [*2]v Silberstein, 123 AD3d at 775). In opposition, the plaintiff raised triable issues of fact. Specifically, the plaintiff's account in his affidavit as to the happening of the accident conflicted with Delphonse's account as to the happening of the accident.
Accordingly, the Supreme Court properly denied, without prejudice, Delphonse's motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against her.
DUFFY, J.P., WOOTEN, GENOVESI and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court